■ 183 HOLDING CORP., Appellant, v 183 LORRAINE STREET ASSOCIATES et al., Defendants, and UNITED CAPITAL CORP., Intervenor-Respondent. JOSEPH FISCHER et al., Nonparty Appellants. [673 NYS2d 745] —In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff 183 Holding Corp. and the nonparties Joseph Fischer and Joseph Fischer d/b/a 183 Holding Corp. appeal from an order of the Supreme Court, Kings County (Dowd, J.), entered June 27, 1997, which, inter alia, denied those branches of their motion which were to add Joseph Fischer and Joseph Fischer d/b/a 183 Holding Corp. as additional plaintiffs and to drop the intervenor defendant United Capital Corp. as a defendant, and granted the cross motion by the intervenor defendant United Capital Corp. to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff seeks, inter alia, specific performance of a real estate contract dated April 1990 which was executed by the defendant 183 Lorraine Street Associates as seller, and the plaintiff as purchaser. However, the plaintiff, a corporation, did not come into existence until October 1991, i.e., 18 months later, when its certificate of incorporation was filed (see, Business Corporation Law § 403). Under these circumstances, the Supreme Court properly held that the plaintiff lacked the capacity to contract in April 1990. At the time of the execution of the contract, the plaintiff was a "purported entity which

'cannot * * * acquire rights by contract or otherwise' " (*see, Kiamesha Dev. Corp. v Guild Props.*, 4 NY2d 378, 389, quoting 18 CJS, Corporations, § 88). Accordingly, the Supreme Court properly dismissed the complaint.

The plaintiff's remaining contentions are without merit. Mangano, P. J., Thompson, Santucci and Altman, JJ., concur.