■ UNITED CAPITAL CORP., Formerly Known as METROPOLITAN CONSOLIDATED INDUSTRIES, INC., Respondent, v 183 LORRAINE STREET ASSOCIATES et al., Defendants, and FRENCH BOUREKAS, INC., Appellant. 183 HOLDING CORP. et al., Nonparty Appellants. (And Another Title.) [712 NYS2d 43] —Appeal by the defendant French Bourekas, Inc., and the nonparties, 183 Holding Corp. and Joseph Fischer, from an order of the Supreme Court, Kings County (Shaw, J.), entered June 9, 1998, which was determined by decision and order of this Court dated December 27, 1999. In the decision and order dated December 27, 1999, the appellants, their counsel, and counsel for the respondents were directed to show cause why an order should not be made and entered imposing sanctions and/or costs, if any, against the appellants and their counsel pursuant to 22 NYCRR 670.2 (h), as this Court deemed appropriate.

Upon the Court's own motion and upon the papers submitted in support thereof and in opposition thereto, it is

Ordered that within 20 days after service upon him of a copy of this decision and order, Gerard Zwirn, counsel for the appellants 183 Holding Corp. and French Bourekas, Inc., is directed to pay a sanction in the sum of $10,000 to the Lawyers Fund for Client Protection (*see,* 22 NYCRR 130-1.1 [b]; 130-1.3); and it is further,

Ordered that the Clerk of the Supreme Court, Kings County, shall enter judgment accordingly (*see,* 22 NYCRR 130-1.2); and it is further,

Ordered that the Clerk of this Court, or his designee, shall serve a copy of this decision and order upon counsel for the parties by regular mail.

The appellant 183 Holding Corp. (hereinafter 183 Holding) commenced an action in 1994 seeking specific performance of a contract entered into in 1990, by which it allegedly acquired the right to purchase certain real property located at 183 Lorraine Street in Brooklyn. However, by decision and order of this Court dated June 8, 1998, in a related appeal, the 1990 contract, which was never recorded, was determined to be invalid since 183 Holding did not come into existence as a corporation until some 18 months after it allegedly entered into the contract (*see, 183 Holding Corp. v 183 Lorraine St.*

*Assocs.*, 251 AD2d 386, 387). Based upon that finding, we further concluded in the prior appeal that 183 Holding was an entity which could not " ' "acquire rights by contract or otherwise" ' " (*183 Holding Corp. v 183 Lorraine St. Assocs.*, *supra*, at 386-387).

In a separate decision and order, also dated June 8, 1998, this Court rejected certain claims made by the appellant French Bourekas, Inc. (hereinafter Bourekas), in a related foreclosure action which had been commenced with respect to the subject property (*see, United Capital Corp. v 183 Lorraine St. Assocs.*, 251 AD2d 400). Bourekas, formerly a tenant at the property, was attempting to advance claims in the foreclosure action after it had been legally evicted. In light of, *inter alia*, the above-noted eviction, the Supreme Court had concluded that Bourekas no longer possessed any interest in the premises and thus lacked standing to assert the claims it was advancing. This Court affirmed the Supreme Court's determination, further noting that the property had since been sold pursuant to a judgment of foreclosure and sale and that the claims asserted by the appellant in the foreclosure action were therefore "extinguished, as matter of law" (*United Capital Corp. v 183 Lorraine St. Assocs., supra*, at 400).

Despite this Court's decisions and orders with respect to the invalidity of the 1990 contract and the lack of standing on the part of Bourekas, Gerard Zwirn, counsel for the appellants 183 Holding and Bourekas, subsequently instituted further litigation in the Supreme Court on their behalf, again attempting to assert claims in connection with the subject property. Those claims were rejected by the Supreme Court and appeals were again taken.

In two decisions and orders determining these appeals, both dated December 27, 1999, this Court again held, *inter alia*, that 183 Holding and Bourekas lacked standing to assert claims with respect to the subject property (*see, United Capital Corp. v 183 Lorraine St. Assocs.*, 267 AD2d 454, 455). We further directed the appellants, their counsel, and counsel for the respondents to show cause why an order should not be made and entered imposing sanctions and/or costs, if any against the appellants and their counsel pursuant to 22 NYCRR 670.2 (h).

The record amply demonstrates that the conduct of the appellants' counsel in this litigation and in related proceedings commenced in Federal Court, where the appellants and their counsel were sanctioned on several occasions, was undertaken primarily to delay and prolong the resolution of the litigation (*see,* 22 NYCRR 130-1.1 [c] [1], [2]). Based upon this determi-

nation, and considering the meritless nature of the claims advanced, we find that the imposition of a sanction upon Gerard Zwirn, counsel for the appellants, in the amount indicated, is warranted. Joy, J. P., Sullivan, Krausman and Luciano, JJ., concur.