In an action to recover damages for wrongful death, etc., the defendant P&R Electric, Inc., also known as PR Electric, Inc., appeals from an order of the Supreme Court, Rockland County (Berliner, J.), entered September 28, 2010, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant P&R Electric, Inc., also known as PR Electric, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.
*931 In July 2005, Michael Shortell (hereinafter the decedent), was electrocuted while using a sump pump to remove flood waters from his property on Forest Avenue in Pearl River. Thereafter his wife, Mary Ann Shortell, individually and as administrator of his estate, together with their three infant children (hereinafter collectively the plaintiffs), commenced this action against, among others, Fine Line Builders & Remodelers (hereinafter Fine Line), Hush Electrical Contracting (hereinafter Hush), Pedro Jaime, and P&R Electric, Inc., also known as PR Electric, Inc. (hereinafter P&R). The plaintiffs alleged, inter alia, that Fine Line, Hush, Jaime, and P&R were among those that had performed certain renovation work on the property, including electrical work, and that such work was done in a negligent fashion and created a dangerous condition that resulted in the death of the decedent.
P&R moved for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that there was no corporate entity known as P&R Electric, Inc., in existence during the relevant time period, that no such entity had anything to do with any electrical work undertaken on the plaintiffs’ property, and that any work performed by Jaime was performed in his capacity as an employee of Hush. The Supreme Court denied its motion. P&R appeals and we reverse.
Contrary to the Supreme Court’s determination, P&R established its prima facie entitlement to judgment as a matter of law by tendering evidentiary proof in admissible form demonstrating the absence of any triable issue of fact (see CPLR 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In support of its motion, P&R submitted, among other things, affidavits and the transcripts of deposition testimony of the owner of Fine Line, the secretary-treasurer of Hush, and Jaime. The owner of Fine Line explained that his company had agreed to act as the general contractor on the renovation project, and stated that Hush was the only electrical contractor hired for that particular job. The secretary-treasurer of Hush stated that Jaime worked on the renovation project as an employee of Hush, and that Hush did not subcontract any electrical work on the project to an entity known as P&R Electric, Inc. While Jaime acknowledged that he was contemplating starting his own electrical contracting company known as P&R Electric, Inc., and that he printed business cards to that end, he stated that he never actually formed or generated any income from such a company up to and including the date of the accident, that he *932 only worked on the renovation project as an employee of Hush, and that he filled out time sheets as a Hush employee every time he performed work on the plaintiffs’ property. P&R also submitted, inter alia, payroll statements establishing that Jaime worked 40-hour weeks for Hush on a consistent basis during the relevant time period. Since a nonexistent entity cannot assume liabilities (see 442 Decatur St., LLC v Spheres Realty, Inc., 14 AD3d 535, 536 [2005]; Farrell v Housekeeper, 298 AD2d 488, 489 [2002]; 183 Holding Corp. v 183 Lorraine St. Assoc., 251 AD2d 386, 386-387 [1998]), and it was demonstrated that P&R was not involved in the subject renovation work even if it were in existence as of the date of the accident, P&R made a prima facie showing of its entitlement to judgment as a matter of law.
In opposition to this prima facie showing, the plaintiffs failed to raise a triable issue of fact. During her deposition, Mary Ann Shortell gave contradictory testimony as to whether she believed Jaime was an employee of Hush or an independent contractor. Although she alleged that Jaime gave her a business card in the name of P&R, she also acknowledged that she had not seen any writing indicating that any electrical work had been subcontracted to an entity other than Hush. Under the circumstances of this case, the existence of the business card was insufficient to raise a triable issue of fact as to whether an entity known as P&R Electric, Inc., existed during the relevant time period, or, if then in existence, whether such an entity had anything to do with the electrical work performed on the property.
Accordingly, the Supreme Court should have granted P&R’s motion for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Balkin, Leventhal and Roman, JJ., concur.