KITTY SACKS, Plaintiff, *v.* ANNE REALTY COMPANY and Others, Defendants.

Supreme Court, New York County, December 8, 1927.

**Corporations — de facto corporations — directors of de facto corporation are not individually liable for default of corporation on contract.**

The complaint in this action for damages, arising from the resale of premises, which, after alleging that one of the defendants is a *de facto* corporation, seeks to hold the directors individually liable for the failure of the corporation to carry out the terms of the contract, must be dismissed, for the allegations showing a *de facto* corporation defeat any action against the officers and directors as individuals on a contract made by them as a corporation *de facto.*

A *de facto* corporation has a substantial legal existence as a corporate entity, and ordinarily possesses the same powers and liabilities and duties as a *de jure* corporation in relation to all persons except the State. Furthermore, a *de facto* corporation is bound by all such acts as it might rightfully perform if it were a corporation *de jure.*

MOTION by defendants Weinstein to dismiss the complaint on the ground of insufficiency.

*S. G. Litwin,* for the plaintiff.

*S. Hellinger,* for the defendants.

TOWNLEY, J. Motion by defendants Irving Weinstein and Michael Weinstein to dismiss the complaint upon the ground of insufficiency. Plaintiff sues for damages alleged to have been sustained on resale of premises at less than agreed contract sale price, occasioned by alleged breach by defendants of a contract of sale and purchase of certain lots at Edgemere, Queens county.

The written sales contract is annexed to the complaint, and the parties thereto are therein recited as follows: " Agreement made and dated August 5, 1925, between Kitty Sacks, No. 1370 Broadway, New York City (Phone Pa. 8252) hereinafter described as the seller, and Anne Realty Company, No. 1045 Hollywood avenue, Far Rockaway, L. I. (Phone 2168 F. R.), hereinafter described as the purchaser."

The contract then proceeds in the form usual in sales of real property and closes with the signatures as follows: " Witness the signatures and seals of the above parties.  Kitty Sacks, by Irving Sacks. [L. S.]   Anne Realty Corp. [L. S.]   Sam'l Shear. [L. S.] Pre [De Facto Corpn.]."

The plaintiff, as seller, in her complaint alleges that the defendant Anne Realty Company is a *de facto* corporation and has not completed its organization as required by law; that plaintiff duly performed on her part, and on the law day tendered proper deed to such *de facto* corporation, but said defendant failed to make required payments and the sale was not consummated.  The complaint further alleges:

" *Fourth.* Upon information and belief, that heretofore, and on or about the 5th day of August, 1925, the  said defendants Samuel Shear, Irving Weinstein, Arthur Goldstein, and Michael Weinstein were duly designated directors of the said defendant *de facto* corporation by the provisions of the said certificate of incorporation, and as plaintiff is informed and believes the said parties acted as directors of the said corporation.

" *Fifth.* That by reason thereof the said defendants Samuel Shear, Irving Weinstein, Arthur Goldstein, and Michael Weinstein, as directors, became according to said statute in such case made and provided, and now are, jointly and severally liable for the failure of said *de facto* corporation to carry out the terms of the said contract hereto annexed."

A corporation *de facto* has a substantial legal existence as a corporate entity and ordinarily possesses the same powers and same liabilities and duties and responsibilities as a *de jure* corporation in relation to all persons, except the State, including the right to take and hold both real and personal property and convey and transfer the same, and to sue and be sued in its corporate name, to the same extent and in the same manner as a corporation *de jure*. A corporation *de facto* is bound by all such acts as it might rightfully perform if it were a corporation *de jure*.

The plaintiff's allegation showing a *de facto* corporation defeats any action against the officers, directors, stockholders or members of an association as individuals on a contract made by them as a

corporation *de facto*. Their liabilities are not different, but are the same as those of officers, directors and stockholders of a *de jure* corporation.

Here the plaintiff expressly entered into a contract with a body purporting to be a corporation, and comes under the general rule that a person who has contracted or otherwise dealt with an association in such a way as to recognize it, and in effect admit its legal existence as a body corporate, is estopped in any action arising out of or involving such contract or dealing to deny its corporate existence. (*Eaton* v. *Aspinwall*, 19 N. Y. 119, 121; *Lamming* v. *Galusha*, 81 Hun, 247, 254; affd., 151 N. Y. 648; *Whitford* v. *Laidler*, 94 id. 145; *Methodist Episcopal Union Church* v. *Pickett*, 19 id. 482; *Commercial Bank of Keokuk* v. *Pfeiffer*, 108 id. 242, 253; *U. S. Vinegar Co.* v. *Schlegel*, 143 id. 537. See, also, 14 C. J., under title of " Corporations," §§ 235, 238, 239; Fletcher, Cyc. Corporations, published 1917, §§ 304, 305, 306, 318; White Corporations [10th ed. 1927], 29, 31.)

The affidavit submitted in support of the motion could not be and has not been considered.

Complaint dismissed, with costs, as to the defendants Irving Weinstein and Michael Weinstein, together with ten dollars motion costs, and the clerk is directed to enter judgment accordingly. Order signed.