Charles A. Loreto, J.
Defendant Fantasy Records, Inc., appearing specially, moves for dismissal of the complaint, pursuant to former rule 107 of the Rules of Civil Practice, upon the ground that the plaintiff does not have legal capacity to sue and further for an order pursuant to former section 237-a of the Civil Practice Act, setting aside the service of the summons on the ground that the court does not have jurisdiction of the *716 moving defendant for failure to comply with the provisions of the order authorizing service by publication, and upon the further ground that plaintiff does not have legal capacity to sue.
This suit has been instituted by an assignee of a contract claimed to have been breached by the defendant. A warrant of attachment has been secured by the plaintiff. The defendant is a nonresident foreign corporation. In its complaint, plaintiff alleges it is a domestic corporation. The defendant contends that it had no existence either as a de jure or a de facto corporation at the time this suit was instituted. The warrant of attachment was obtained on April 25, 1963, and the order for publication is dated May 17, 1963. Its certificate of incorporation was filed with the Department of State in Albany, New York, on June 14,1963. Plaintiff asserts that service was made by publication and mailing, as required by the order. The defendant denies receipt by mail of copies of the summons, complaint and order of publication.
Ten days after the subscription of the certificate of incorporation, plaintiff received the assignment dated January 14, 1963, upon which this action is based. Nothing more has been shown on this submission to indicate any use of the corporate name prior to the institution of this action. Plaintiff should have adduced such proof, if available. Defendant contends that this act, receipt of the assignment, of itself — upon which a basis for bringing the suit is premised — does not constitute a use or exercise of corporate powers sufficient to sanction plaintiff’s existence as a de facto corporation. Also, defendant urges that plaintiff should not be permitted to rely on its bringing this action as an exercise of its corporate charter power when its very right to bring such action, here challenged, is predicated upon a de facto existence, which must be established, in order to show the exercise or use of its corporate powers. The court agrees with these contentions.
The only acts shown to have been performed by plaintiff are those directed to the institution of this suit, i.e., the acquisition of the claim, the preparation and service of the summons and complaint and procuring a bond for the attachment. The lack of corporate existence necessarily is judicially determined when contested by a defense to that effect presented in litigation. It strikes the court as a strange anomaly to declare that de facto corporate existence is found in the mere bringing of suit. If that were so, then that defense raised in any action would always fail. For all that would be required to defeat it, is self-evident and present in the institution of the suit.
*717 The mere execution of the certificate of incorporation, without its filing or prior to its filing as required by statute, does not create a de jure corporation and unless there has been use of the corporate name, it will not be deemed a de facto corporation (Stevens v. Episcopal Church History Co., 140 App. Div. 570, 579).
The service of the summons and complaint based upon a warrant of attachment and publication by a corporation which then had neither de jure nor de facto existence is set aside and the complaint perforce, dismissed.