Daniel G. Albert, J.
Defendant moves to vacate an order of attachment previously issued by another Justice of this court on plaintiff’s ex parte application, and all levies made thereunder. The order of attachment was granted upon the ground that defendant was a foreign corporation (CPLR 6201, subd. 1). In support of his application for such relief, plaintiff submitted a letter from the Department of State of the State of New York indicating that that department had no record of the filing of a certificate of incorporation under the name of the defendant corporation.
On the instant application, it is undisputed that the defendant has never been incorporated pursuant to the laws of any other jurisdiction, and that a certificate of its incorporation was filed in this jurisdiction by the Department of State on September 9, 1968, approximately three weeks after the order of attachment was granted.
It appears that defendant forwarded an executed certificate of incorporation and the necessary filing fees to the Department of *154 State in February or March of 1967, but,that, for some unexplained reason, that Department failed to file the certificate. In any event, it is clear that the defendant’s corporate existence did not begin until September 9, 1968 (Business Corporation Law, § 403; Bruce Enterprises v. Fantasy Records, 40 Misc 2d 715) which date, as indicated supra, was subsequent to the order of attachment under review.
The question thus presented, and apparently unresolved by any prior decisions in this State, is whether the attachment provisions of the CPLR apply to a “ corporation ” (and the court uses that term advisedly for want of a better word) in defendant’s posture at the time the order of attachment was issued herein.
Plaintiff urges that such provisions do apply on the theory that, prior to the filing of its certificate of incorporation, defendant was a de facto corporation, and therefore, under the definition contained in CPLR 105 (subd. [g]), was to be considered a “ foreign corporation” for purposes of determining the applicability of other provisions of the CPLR.
Initially, it is questionable whether the doctrine of de facto incorporation survives in New York (see 1 White, New York Corporations [13th ed.], § 403.03) since the filing of a certificate of incorporation is “ conclusive evidence that all conditions precedent [to corporate existence] have been fulfilled” (Business Corporation Law, § 403) and conversely, it would seem that the failure to file a certificate bars the application of the de facto doctrine (cf. Kiamesha Development Corp. v. Guild Props., 4NY2d 378,388).
If it is held that the defendant had not achieved the status of a de facto corporation at the time the order of attachment was granted, it being conceded that it was not a de jure corporation at such time, it follows that it had no legal existence at all and could not sue or be sued (Kiamesha Development Corp. v. Guild Props., supra, p. 389).
If, on the other hand, as plaintiff urges, it is held that the de facto doctrine applies to a “ corporation ” that has taken all steps required of it to comply with the statutory requirements . of incorporation but whose certificate has not beep, filed by the Department of State, it follows, under the traditional view of the de facto doctrine, that such a corporation has legal existence and possesses the same rights, powers, duties and liabilities as a de jure corporation in relation to all persons except the State, including the right to sue and be sued in its corporate name (Lamming v. Galusha, 81 Hun 247, affd. 151 N. Y. 648; Sacks v. Anne Realty Co, 131 Misc. 117). If such be the case, the corpora *155 tion’s de facto existence is, in the opinion of the court, “ created by or under the laws of the state ’ ’ and it is, therefore, a “ domestic corporation” as defined in OPLE 105 (subd. [g]). Accordingly, an order of attachment may not be issued against its assets on the ground specified in OPLE 6201 (subd. 1).
This conclusion is buttressed by consideration of the dual functions served by an order of attachment: (1) to provide a predicate for the exercise of quasi-in-rem jurisdiction over a defendant, and (2) to provide security for the enforcement of any money judgment recovered by plaintiff in the action. If the de facto corporation exists, so as to be amenable to suit as a corporate entity, it exists in this jurisdiction and attachment of its assets would serve no jurisdictional function. Similarly, if the de facto corporation is here, there is no more reason for assuming that its assets within the State will not be available for execution purposes than there is in the case of a domestic de jure corporation.
Accordingly, the court finds that defendant was not a ‘1 f oreign corporation ” at the time the order of attachment was issued and the relief sought on this motion is granted.