■ KEVIN FARRELL et al., Respondents, v DOLORES HOUSEKEEPER et al., Defendants, and JAMES R. HOUSEKEEPER, Appellant. [748 NYS2d 410] —In an action, inter alia, to recover damages for breach of contract, the defendant James R. Housekeeper appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered November 28, 2001, as denied his motion to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (5) based on a release.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs, Kevin Farrell and Tamara Farrell, allege that they entered into a contract with the defendant James R. Housekeeper, which required Housekeeper to construct a house for them. The Farrells fired Housekeeper before he completed

construction of the house. As a result, Hemlock Construction Co. (hereinafter Hemlock), the name under which Housekeeper did business, but which was a nonexistent corporation, sued the Farrells alleging breach of contract. The Farrells counterclaimed against Hemlock alleging breach of contract. Eventually, the Farrells and Hemlock stipulated to discontinue that action, with each signing a release for the other's benefit. Hemlock's release was signed by Housekeeper as president. Subsequently, the Farrells commenced the instant action against Housekeeper alleging, inter alia, that he breached the contract for construction of the house. Housekeeper moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him, claiming that the release which the Farrells executed for Hemlock in the prior action barred the instant action against him individually.

The Supreme Court correctly denied Housekeeper's motion to dismiss the complaint insofar as asserted against him based on a release executed by the Farrells in the prior action, pursuant to CPLR 3211 (a) (5). Since Hemlock was a nonexistent entity, it could not " 'acquire rights by contract or otherwise, incur debts or other liabilities either in contract or tort, sue or be sued' " (*Kiamesha Dev. Corp. v Guild Props.*, 4 NY2d 378, 389, quoting 18 CJS, Corporations § 88; *see Judarl v Cycletech*, 246 AD2d 736; *Mindlin v Gehrlein's Mar.*, 58 Misc 2d 153, 154). Thus, the release executed by the Farrells for the benefit of Hemlock Construction has no legal effect and does not bar the Farrells's suit against Housekeeper individually. Florio, J.P., Friedmann, Adams and Crane, JJ., concur.