[860 NE2d 711, 827 NYS2d 94]

BOSLOW FAMILY LIMITED PARTNERSHIP, Appellant, v GLICKEN-
HAUS & Co., Respondent.

Argued October 12, 2006; decided December 14, 2006

## POINTS OF COUNSEL

*Llorca & Hahn LLP,* New York City (*Richard E. Hahn* of counsel), for appellant. I. Glickenhaus & Co. is precluded from contending the Boslow Family Limited Partnership was not in existence during the period the investment advisory agreement was in effect from 1997 to 2000. (*Eaton v Aspinwall,* 19 NY 119; *Methodist Episcopal Union Church v Pickett,* 19 NY 482; *Whitford v Laidler,* 94 NY 145; *Commercial Bank of Keokuk v Pfeiffer,* 108 NY 242; *Chubb v Upton,* 95 US 665; *Rutland House Assoc. v Rutroad Realty Corp.,* 28 AD2d 152; *Kenneth Pregno Agency v Letterese,* 112 AD2d 1032; *A. A. Sutain, Ltd. v Montgomery Ward & Co.,* 22 AD2d 607, 17 NY2d 776; *Lorisa Capital Corp. v Gallo,* 119 AD2d 99; *Puma Indus. Consulting, Inc. v Daal Assoc., Inc.,* 808 F2d 982.) II. This suit should not be held barred by the fact that the Boslow Family Limited Partnership was not formed in compliance with the statute until after this suit was commenced, and any defect was remedied during the litigation and prior to the motion to dismiss. (*City of New York v State of New York,* 86 NY2d 286; *Rutland House Assoc. v Rutroad Realty Corp.,* 28 AD2d 152; *Simcuski v Saeli,* 44 NY2d 442.) III. Plaintiff was a de facto limited partnership from 1997 until it was formed de jure in February 2003. (*Matter of Planz [Sees],* 282 App Div 552; *Peerless Mills, Inc. v American Tel. & Tel. Co.,* 527 F2d 445; *Kiamesha Dev. Corp. v Guild Props.,* 4 NY2d 378; *Conway v Samet,* 59 Misc 2d 666; *Garzo v Maid of Mist Steamboat Co.,* 303 NY 516; *Matter of Intelligent Bank Mgt. [East Coast Fin. Corp.],* 207 AD2d 760; *National Bank of N. Am. v Paskow,* 75 AD2d 568; *L-Tec Elecs. Corp. v Cougar Elec. Org., Inc.,* 198 F3d 85; *Methodist Episcopal Union Church v Pickett,* 19 NY 482; *Whitford v Laidler,* 94 NY 145.)

*Chadbourne & Parke LLP,* New York City (*Alan I. Raylesberg* and *Matthew I. Kliegman* of counsel), for respondent. I. The amended complaint was properly dismissed on the independent ground that the Boslow Family Limited Partnership, as a nonexistent entity, did not have the power to contract when it purported to enter into the contract with Glickenhaus & Co. or throughout the time that Boslow maintained an account as Glickenhaus. (*Bay Shore Family Partners v Foundation of Jewish Philanthropies of Jewish Fedn. of Greater Fort Lauderdale,*

239 AD2d 373; *Ruzicka v Rager,* 305 NY 191; *183 Holding Corp. v 183 Lorraine St. Assoc.,* 251 AD2d 386; *Manhattan Co. v Laimbeer,* 108 NY 578; *Peerless Mills, Inc. v American Tel. & Tel. Co.,* 527 F2d 445; *Matter of Alonzo M. v New York City Dept. of Probation,* 72 NY2d 662; *Rutland House Assoc. v Rutroad Realty Corp.,* 28 AD2d 152; *Matter of Mendez v Reynolds,* 248 AD2d 62; *Health-Loom Corp. v Soho Plaza Corp.,* 272 AD2d 179; *Commercial Bank of Keokuk v Pfeiffer,* 108 NY 242.) II. The amended complaint was properly dismissed on the independent ground that the Boslow Family Limited Partnership as a nonexistent entity, lacked the capacity to commence this action. (*Barklee Realty Co. v Pataki,* 309 AD2d 310; *Curiale v Ardra Ins. Co.,* 88 NY2d 268; *Rutland House Assoc. v Rutroad Realty Corp.,* 28 AD2d 152; *City of New York v State of New York,* 86 NY2d 286; *Simcuski v Saeli,* 44 NY2d 442; *Bay Shore Family Partners v Foundation of Jewish Philanthropies of Jewish Fedn. of Greater Fort Lauderdale,* 239 AD2d 373; *Kiamesha Dev. Corp. v Guild Props.,* 4 NY2d 378; *Tri-Terminal Corp. v CITC Indus.,* 78 AD2d 609; *Acquisition Am. VI, LLC v Lamadore,* 5 Misc 3d 461; *Showcase Limousine v Carey,* 269 AD2d 133.) III. The First Department decision affirming the judgment dismissing the amended complaint should be affirmed on either of the two independent grounds, or both. (*Lunney v Prodigy Servs. Co.,* 94 NY2d 242; *Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington,* 97 NY2d 86; *Schiavone v City of New York,* 92 NY2d 308.)

**OPINION OF THE COURT**

PIGOTT, J.

The courts below dismissed the complaint on the grounds that plaintiff, a purported limited partnership, had not filed its initial certificate with the Department of State at the time it entered into a contract with defendant or at the time it brought suit. We reverse on the ground that defendant is estopped from raising plaintiff's claimed lack of capacity to contract or sue as a defense to this case.

In 1997, the Boslow family signed an initial certificate of limited partnership to form plaintiff, the Boslow Family Limited Partnership, and entrusted the certificate to counsel for filing. Unbeknownst to them, counsel failed to file the initial certificate with the Department of State. On July 31, 1997, plaintiff opened a discretionary advisory account with defendant Glickenhaus & Co., an investment advisory firm. Plaintiff executed a discretionary investment advisory agreement giving defendant

"full discretion and authority to manage" the advisory account, which remained open from July 1997 until the fall of 2000. In exchange for managing plaintiff's advisory account, defendant received approximately $31,000 in advisory fees. Plaintiff closed the advisory account in the fall of 2000 because it was displeased with the "propriety of the investments made by defendant."

By summons with notice dated March 27, 2002, plaintiff commenced this action against defendant seeking damages for breach of contract and negligence in managing plaintiff's funds, and served a complaint on defendant in October of 2002. On February 11, 2003, almost a year after commencing this action, plaintiff filed its initial certificate with the Department of State upon discovering it had not been filed.

Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3) and (7), asserting, among other things, that plaintiff had failed to file its initial certificate prior to the commencement of the action and therefore lacked the capacity to enter into the agreement and bring suit. Supreme Court granted defendant's motion on those grounds. The Appellate Division affirmed Supreme Court's dismissal of plaintiff's complaint. We granted leave and now reverse.

The Revised Limited Partnership Act, article 8-A of the Partnership Law, applies to all limited partnerships formed after July 1, 1991 (*see* Partnership Law § 121-201 [a]). Partnership Law § 121-201 (b) states, in pertinent part, that

> "[a] limited partnership is formed at the time of the filing of the initial certificate of limited partnership with the department of state . . . The filing of the certificate shall, in the absence of actual fraud, be conclusive evidence of the formation of the limited partnership as of the time of filing."

Partnership Law § 121-206 provides that "[a] signed certificate of limited partnership . . . *shall* be delivered to the department of state" (emphasis supplied).

It is undisputed that plaintiff had not complied with the Partnership Law's mandatory formation requirements at the time it entered into the agreement and commenced this suit. Defendant, however, does not dispute that it derived a benefit from the agreement and that the investment services provided were not dependent in any way on the nature of the plaintiff as a limited partnership. We hold, therefore, that defendant is estopped from denying the partnership's validity (*see City of*

*Buffalo v Balcom*, 134 NY 532, 534-536 [1892]; *Mayor of City of N.Y. v Sonneborn*, 113 NY 423, 426 [1889]).

"[I]f neither of the parties [to a suit] is aware that corporate status has not been achieved, then corporation by estoppel may apply" (8 Fletcher, Cyclopedia of Corporations § 3890 [2006]). The doctrine of estoppel is not the same as that of de facto corporation, a doctrine that requires a party to show that it made a colorable attempt to comply with the statutes governing incorporation (*see Stevens v Episcopal Church History Co.*, 140 App Div 570 [1st Dept 1910]). An Oregon case, *Timberline Equip. Co., Inc. v Davenport* (267 Or 64, 514 P2d 1109 [1973, en banc]), describes the estoppel doctrine:

> " 'The so-called estoppel that arises to deny corporate capacity does not depend on the presence of the technical elements of equitable estoppel, viz., misrepresentations and change of position in reliance thereon, but on the nature of the relations contemplated, that one who has recognized the organization as a corporation in business dealings should not be allowed to quibble or raise immaterial issues on matters which do not concern him in the slightest degree or affect his substantial rights' " (267 Or at 70, 514 P2d at 1111-1112, quoting Ballantine, Manual of Corporation Law and Practice § 27 [1930]).

The *Timberline* court explains that "to apply the doctrine correctly, the cases must be classified according to who is being charged with estoppel" (267 Or at 70, 514 P2d at 1112).

> "When a defendant seeks to escape liability to a corporation plaintiff by contending that the plaintiff is not a lawful corporate entity, courts readily apply the doctrine of corporation by estoppel. . . .
>
> "On the other hand, when individuals . . . seek to escape liability by contending that the debtor is a corporation . . . rather than the individual who purported to act as a corporation, the courts are more reluctant to estop the plaintiff from attacking the legality of the alleged debtor corporation" (267 Or at 70-71, 514 P2d at 1112 [citations omitted]).

Defendant is estopped from contending that plaintiff was not a limited partnership because defendant is using that sword to escape liability after it benefitted from its contract with plaintiff.

Defendant has conceded that the services it provided plaintiff were not dependent on plaintiff's limited partnership status, or lack thereof. Therefore, because defendant is estopped from questioning the validity of the agreement or plaintiff's right to sue thereon, we do not, and need not, address plaintiff's argument that it should be afforded "de facto limited partnership" status.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and defendant's motion to dismiss the complaint denied.

Chief Judge KAYE and Judges ROSENBLATT, GRAFFEO, READ and SMITH concur; Judge CIPARICK taking no part.

Order, insofar as appealed from, reversed, etc.