■ DENISE RUBENSTEIN et al., Respondents, v CHRISTOPHER MAYOR et al., Defendants, and THOMAS CASTELLANO et al., Appellants. [839 NYS2d 170]—

In an action, inter alia, to recover damages for tortious interference with contractual relations, the defendants Thomas Castellano and Planet Laundry, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated March 30, 2006, as, upon reargument, vacated a prior order of the same court dated September 12, 2005, among other things, granting their motion for summary judgment dismissing the complaint insofar as asserted against them, and denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Bayshore Sunrise Corp.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Denise Rubenstein and the defendant Christopher Mayor agreed to form the plaintiff Bayshore Sunrise Corp. (hereinafter BSC) for the purpose of renting certain premises and operating a laundromat there. On April 15, 1999 BSC, as tenant, entered into a 20-year commercial lease with Bay Shore Property Trust, as landlord. The lease was signed by Mayor, as President of BSC. In March 2002 the lease was terminated pursuant to an amendment to terminate lease, also signed by Mayor, as President of BSC.

Shortly thereafter, Rubenstein and BSC commenced this action, asserting, inter alia, a cause of action to recover damages for tortious interference with contractual relations based upon the defendants' various alleged roles in bringing about the termination of BSC's lease. The amended complaint alleged that Mayor and his brother-in-law, the defendant Thomas Castellano, had conspired "to squeeze [Rubenstein] out of her ownership interest in BSC and were attempting, without the knowledge of [Rubenstein], to default BSC under the terms of its lease," so that Mayor and Castellano could form and operate their own business, the defendant Planet Laundry, Inc., at the subject premises.

Castellano and Planet Laundry, Inc. (hereinafter the appel-

lants), moved for summary judgment dismissing the complaint insofar as asserted against them. Having discovered that BSC's certificate of incorporation was not filed with the Secretary of State until April 16, 1999, the day after the lease was executed, the appellants argued, inter alia, that BSC lacked the legal capacity to enter into the lease, and thus they could not be held liable to BSC for tortious interference with contractual relations. The Supreme Court initially granted the appellants' motion, but, upon reargument, denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them by BSC.

Since a nonexistent entity cannot acquire rights or assume liabilities, a corporation which has not yet been formed normally lacks capacity to enter into a contract (see *442 Decatur St., LLC v Spheres Realty, Inc.*, 14 AD3d 535, 536 [2005]; *Farrell v Housekeeper*, 298 AD2d 488, 489 [2002]; *183 Holding Corp. v 183 Lorraine St. Assoc.*, 251 AD2d 386, 386-387 [1998]). Here, it is undisputed that at the time that the lease was executed, BSC had not yet filed a certificate of incorporation with the Secretary of State, and thus was not in existence pursuant to Business Corporation Law § 403.

A corporation, however, may also be deemed to exist, and thus possess the capacity to contract, pursuant to the doctrine of incorporation by estoppel (see *Boslow Family Ltd. Partnership v Glickenhaus & Co.*, 7 NY3d 664 [2006]; *Sacks v Anne Realty Co.*, 131 Misc 117, 119 [1927]). That doctrine is based on the principle that "one who has recognized the organization as a corporation in business dealings should not be allowed to quibble or raise immaterial issues on matters which do not concern him in the slightest degree or affect his substantial rights" (*Boslow Family Ltd. Partnership v Glickenhaus & Co.*, supra at 668 [internal quotation marks omitted]).

In this case, Castellano and Mayor engaged in business dealings with the plaintiffs, during which they recognized BSC's corporate status. Indeed, they were actively involved in negotiations to acquire Rubenstein's interest in BSC, for the purpose of operating a business as a tenant at the subject premises. Moreover, Mayor, who allegedly was Castellano's business partner and a co-principal of Planet Laundry, Inc., was the person who signed the lease, a lease modification agreement, and a lease termination agreement, each time in his capacity as "president" of BSC. Therefore, and because the one-day delay in BSC's formation was, from the appellants' perspective, utterly inconsequential, the appellants cannot now be heard to deny BSC's corporate status. Accordingly, the appellants failed to

make a prima facie showing of their entitlement to judgment as a matter of law, and, upon reargument, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them by BSC. Prudenti, P.J., Santucci, Covello and Carni, JJ., concur.