■ TILDEN DEVELOPMENT CORP., Appellant-Respondent, v MARIA NICAJ et al., Respondents-Appellants, et al., Defendant. [845 NYS2d 112]—

In an action, inter alia, to recover a down payment made on a contract for the sale of real property and related expenses, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Hart, J.), dated March 8, 2007, as granted the motion of the defendants Maria Nicaj and Gjelosh Nicaj to cancel its notice of pendency, and the defendants Maria Nicaj and Gjelosh Nicaj cross-appeal from so much of the same order as granted the plaintiff's cross motion, among other things, to amend the caption of the action and denied, as academic, their motion, in effect, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (3).

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, the plaintiff's cross motion, inter alia, to amend the caption of the action is denied, the original caption is restored, and the motion of the defendants Maria Nicaj and Gjelosh Nicaj, in effect, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (3) is granted; and it is further,

Ordered that one bill of costs is awarded to the defendants Maria Nicaj and Gjelosh Nicaj.

Tilden Development Corp. (hereinafter Tilden Development) entered into a written contract with the defendants Maria Nicaj and Gjelosh Nicaj (hereinafter the sellers) to purchase certain real property in Queens. Alleging a breach by the sellers, Tilden Development commenced this action, inter alia, to recover its down payment and related expenses. It also filed a notice of pendency. Prior to answering, the sellers moved, in effect, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (3). The sellers contended that Tilden Development lacked the capacity to sue them because inquiries had revealed Tilden Development to be a nonexistent entity. On the same basis, the sellers separately moved to cancel the notice of pendency. In support of the motion to cancel the notice of pendency, the sellers also argued that the action was one for money only and did not affect title, use, possession, or enjoyment of the property. Tilden Development cross-moved, among other things, to amend the caption to name Tilden Management Corp. (hereinafter Tilden Management) as the plaintiff, alleging a misnomer. The Supreme Court granted the cross motion, inter alia, to amend the caption, and denied, as academic, the sellers' motion to dismiss the complaint for lack of capacity. However, the court granted the sellers' motion to cancel the notice of pendency on the ground that the action was one for money only.

Initially, there appears to be no genuine dispute that Tilden Development is a nonexistent entity. Thus, it could not acquire rights or assume liabilities and, therefore, lacked capacity to enter into a contract, commence an action, or file a notice of pendency (see *Rubenstein v Mayor*, 41 AD3d 826 [2007]; *442 Decatur St., LLC v Spheres Realty, Inc.*, 14 AD3d 535 [2005]). Further, this flaw is not cured by merely amending the caption to name Tilden Management as the plaintiff. Rather, for the amendment to be meaningful, the underlying contract would have to be reformed or corrected to name Tilden Management as the buyer. However, Tilden Development did not move for such relief. Thus, the issue is not before this Court. Consequently, in addition to granting the sellers' motion to cancel the notice of pendency, the court should have granted the sellers' separate motion, in effect, to dismiss the complaint and denied the plaintiff's cross motion, inter alia, to amend the caption.

The parties' remaining contentions are either without merit or have been rendered academic in light of our determination. Miller, J.P., Ritter, Santucci and Balkin, JJ., concur. [*See* 2007 NY Slip Op 30207(U) (2007).]