■ JCL PROPERTIES, LLC, Appellant, v EQUITY LAND DEVEL-
OPERS, LLC, Respondent. [958 NYS2d 433]—

In an action to recover damages for breach of contract, the
plaintiff appeals, as limited by its brief, from so much of an or-
der of the Supreme Court, Westchester County (O. Bellantoni,
J.), entered January 5, 2012, as granted that branch of the
defendant's motion which was for summary judgment dismiss-
ing the complaint and denied, as academic, its cross motion to
amend the complaint.

Ordered that the order is affirmed insofar as appealed from,
with costs.

In 2010 the defendant sought to obtain mortgage financing
for a proposed 30-unit condominium to be developed on certain
real property that it owned. The defendant subsequently
discussed with the plaintiff, JCL Properties, LLC, the prospect
of its assisting in the procurement of a mortgage loan. In May
2010, the defendant and nonparty "JCL Properties Holdings,
LLC," entered into a mutual confidentiality agreement (herein-
after the confidentiality agreement) with respect to the subject
loan. Also in May 2010, the defendant and the plaintiff entered
into a master fee agreement (hereinafter the MFA), which set
forth the fees to be provided to the plaintiff were the plaintiff to
secure a loan commitment for the defendant.

Thereafter, the plaintiff commenced this action against the
defendant to recover damages for breach of the MFA and the
confidentiality agreement. The complaint alleged that, in Janu-
ary 2011, due to the plaintiff's efforts, the defendant obtained a
loan commitment for the development, but the defendant
refused to pay the plaintiff the fees that it had earned. The de-
fendant moved, inter alia, for summary judgment dismissing
the complaint. In support of its motion, the defendant submit-
ted evidence demonstrating, inter alia, that the plaintiff was not
yet incorporated at the time when the MFA and the confidential-
ity agreement were executed. In the order appealed from, the
Supreme Court, inter alia, granted that branch of the defend-
ant's motion which was for summary judgment dismissing the
complaint on the ground that the plaintiff lacked the capacity to
sue. In addition, the Supreme Court denied, as academic, the
plaintiff's cross motion to amend the complaint. The plaintiff
appeals. We affirm, albeit on a different ground.

"Since a nonexistent entity cannot acquire rights or assume
liabilities, a corporation which has not yet been formed normally

lacks capacity to enter into a contract" (*Rubenstein v Mayor*, 41 AD3d 826, 828 [2007]; *see 442 Decatur St., LLC v Spheres Realty, Inc.*, 14 AD3d 535, 536 [2005]). However, as the plaintiff correctly contends, the doctrine of incorporation by estoppel precludes the defendant from using the plaintiff's lack of incorporation as a sword to escape liability after it allegedly benefitted from its agreements with the plaintiff (*see Boslow Family Ltd. Partnership v Glickenhaus & Co.*, 7 NY3d 664, 668-669 [2006]; *Rubenstein v Mayor*, 41 AD3d at 828-829).

Nevertheless, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that, during the relevant time period, the plaintiff was not a licensed real estate broker pursuant to Real Property Law § 442-d. Real Property Law § 442-d bars unlicensed persons and corporate entities from recovering fees or commissions for the performance of services rendered, inter alia, in "negotiating a loan upon any real estate" (*see* Real Property Law § 442-e; *Kavian v Vernah Homes Co.*, 19 AD3d 649, 650 [2005]). The defendant also established that the negotiation of the loan was the dominant feature of the parties' agreements (*see* Real Property Law §§ 440 [1]; 442-d; *see also Ling's Props., LLC v Bode*, 94 AD3d 951, 952 [2012]). Although the plaintiff's principal was a licensed real estate broker, the plaintiff, an unlicensed limited liability corporation, was barred from receiving a commission or fee for services relating to the procurement of the loan (*see* Real Property Law § 442-d; *Ling's Props., LLC v Bode*, 94 AD3d at 952; *Sharon Ava & Co. v Olympic Tower Assoc.*, 259 AD2d 315, 316 [1999]).

In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and properly denied, as academic, the plaintiff's cross motion to amend the complaint. Angiolillo, J.P., Leventhal, Lott and Austin, JJ., concur.