■ HIGHBRIDGE HOUSE OGDEN LLC, Respondent, v HIGHBRIDGE ENTITIES LLC, Appellant. [43 NYS3d 291]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered May 27, 2015, to the extent it granted plaintiff's motion for summary judgment dismissing the counterclaim for specific performance of a contract for the sale of real property, and order, same court and Justice, entered on or about October 28, 2015, which denied defendant's motion to renew plaintiff's motion, unanimously affirmed, without costs. Order, same court and Justice, entered March 10, 2016, to the extent it granted plaintiff's motion for summary judgment dismissing defendant's second counterclaim for breach of contract and return of its deposit, unanimously reversed, on the law, with costs, and the motion denied.

Generally, courts in this State "may not look beyond the agreed-upon remedies to award the buyer specific performance in circumstances other than those in which the parties agreed it would be available" (*101123 LLC v Solis Realty LLC*, 23 AD3d 107, 113 [1st Dept 2005]). Pursuant to the parties agreement in this case, defendant buyer was required to bring an action within 45 days after the plaintiff seller's alleged default. Because the defendant buyer failed to meet this requirement, the motion court correctly held that the claim for specific performance was barred. Defendant buyer's motion to renew this argument was likewise unavailing.

However, where a seller seeks to invoke a restricted remedies clause, the seller must first acknowledge that a title defect exists (*see S.E.S. Importers v Pappalardo*, 53 NY2d 455, 464-465 [1981]; *101123 LLC*, 23 AD3d at 111). This is not a case, as the

motion court incorrectly found, where the plaintiff seller " 'conceded from the outset its inability to convey clear title, and invoked from the outset the restricted remedies clause of the contract' " (*Highbridge House Ogden LLC v Highbridge Entities LLC*, 48 Misc 3d 976, 991 [Sup Ct, NY County 2015], quoting *101123 LLC*, 23 AD3d at 111-112). Here, it is clear from the record that plaintiff seller denied any defect in title and instead insisted that defendant buyer timely close notwithstanding any defect.* Doing so was insufficient to invoke the restricted remedies clause. As a result, the motion court erred in finding that the restricted remedies clause applied in this case. Alternatively, even if the restricted remedies clause controlled the resolution of this dispute, the motion court was incorrect in finding that the defendant buyer defaulted. Under the restricted remedies clause, defendant buyer was entitled to a five-day election period upon receipt of plaintiff seller's notice invoking the restricted remedies clause, to elect either to terminate or accept "as is." Requesting an adjournment before this five-day election period expired did not constitute a default by defendant buyer. Thus, plaintiff seller's motion for summary judgment on defendant buyer's breach of contract counterclaim seeking return of its deposit should have been denied. Concur—Acosta, J.P., Renwick, Feinman and Kahn, JJ.

---

* In fact, seller did not acknowledge any title defect until this appeal.