TY Bldrs. II, Inc. v 55 Day Spa, Inc. (2018 NY Slip Op 08345)





TY Bldrs. II, Inc. v 55 Day Spa, Inc.


2018 NY Slip Op 08345


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-11784
 (Index No. 14635/13)

[*1]TY Builders II, Inc., etc., respondent, 
v
55 Day Spa, Inc., et al., appellants.


Peter J. Dunn (Edward S. Raskin, Deer Park, NY, of counsel), for appellants.
Clark's Laws, P.C., Babylon, NY (Adam Crowley of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), entered September 28, 2016. The judgment, upon an order of the same court dated December 17, 2015, granting the plaintiff's motion for summary judgment on the amended complaint and denying the defendants' cross motion, in effect, for summary judgment dismissing the amended complaint, is in favor of the plaintiff and against the defendants in the total sum of $146,699.79.
ORDERED that the judgment is modified, on the law, by reducing the total sum awarded to the plaintiff from $146,699.79 to $72,449.79; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment.
In December 2010, the defendant 55 Day Spa, Inc. (hereinafter 55 Day Spa), signed a three-year lease with "TY Builders LLC" to rent premises located at 55M West Sunrise Highway in Lindenhurst and owned by Ilan Weiss. The rider to the lease, detailing rent due and other provisions, was between "TY Builders II LLC" and 55 Day Spa. The rider was signed by Weiss, as managing member of "TY Builder II LLC," and the defendant William Peterson, as president of 55 Day Spa. A personal guarantee was given by Peterson to "TY Builder II," guaranteeing payment to the landlord personally under the terms of the lease.
Less than three months after the lease had been signed, Peterson, on behalf of 55 Day Spa, informed Weiss that 55 Day Spa would be vacating the premises. Weiss responded by noting that 55 Day Spa would remain responsible, inter alia, for rent and any late fees until the premises were relet.
This action was commenced by TY Builders II, Inc., inter alia, to recover damages for breach of the lease, including unpaid rent and late fees, and for an award of attorney's fees. An amended summons and complaint was thereafter filed, listing the plaintiff as "TY Builders II, Inc., d/b/a TY Builders LLC, d/b/a TY Builders II LLC, d/b/a TY Builder II LLC, or d/b/a TY Builder II." The amended complaint alleged the same causes of action and sought the same relief as the original complaint. The plaintiff moved for summary judgment on the amended complaint, and the defendants cross-moved, in effect, for summary judgment dismissing the amended complaint on the [*2]principal grounds that the plaintiff, undisputably not a party to any of the relevant signed lease documents, lacked standing to enforce the terms of those documents, and that the entities named on those documents did not legally exist at the time the documents were signed. In an order dated December 17, 2015, the Supreme Court granted the plaintiff's motion, denied the defendants' cross motion, and, in connection with the plaintiff's request for an award of attorney's fees, directed the plaintiff's counsel to submit a detailed affirmation of services rendered. After the plaintiff's submission of an affirmation of services rendered, the court entered a judgment in favor of the plaintiff and against the defendants in the total sum of $146,699.79, which included an award of attorneys' fees in the sum of $12,500. The defendants appeal.
"Since a nonexistent entity cannot acquire rights or assume liabilities, a corporation which has not yet been formed normally lacks capacity to enter into a contract" (Rubenstein v Mayor, 41 AD3d 826, 828; see 442 Decatur St., LLC v Spheres Realty, Inc., 14 AD3d 535, 536; Farrell v Housekeeper, 298 AD2d 488, 489). However, a corporation may be deemed to exist and possess the capacity to contract pursuant to the doctrine of incorporation by estoppel (see Boslow Family Ltd. Partnership v Glickenhaus & Co., 7 NY3d 664, 668; JCL Props., LLC v Equity Land Developers, LLC, 102 AD3d 745, 746; Rubenstein v Mayor, 41 AD3d at 828). The doctrine of incorporation by estoppel, or corporation by estoppel, is based on the principle that "one who has recognized the organization as a corporation in business dealings should not be allowed to quibble or raise immaterial issues on matters which do not concern him [or her] in the slightest degree or affect his [or her] substantial rights" (Boslow Family Ltd. Partnership v Glickenhaus & Co., 7 NY3d at 668 [internal quotation marks omitted]). There is no question that the defendants, regardless of the technical status of TY Builders, LLC, or TY Builders II, LLC, at the time the lease documents were signed, agreed to enter into a lease for certain premises owned by Weiss, the principal of those later-formed entities, and were granted legal access and possession of those premises in exchange for the promise of the payment of rent. The defendants do not dispute that 55 Day Spa failed to pay rent as directed under the lease or that Peterson had personally guaranteed the monthly lease payments. The evidence demonstrates that the parties engaged in the subject business transactions and the defendants received the benefit of possession of the property. Consequently, the defendants are estopped from using the plaintiff's lack of proper incorporation to escape liability under the lease (see Boslow Family Ltd. Partnership v Glickenhaus & Co., 7 NY3d at 668; JCL Props., LLC v Equity Land Developers, LLC, 102 AD3d at 746; Rubenstein v Mayor, 41 AD3d at 828). As such, we agree with the Supreme Court's determination to deny the defendants' cross motion, in effect, for summary judgment dismissing the amended complaint on this ground.
However, we disagree with the Supreme Court's decision to award the plaintiff the sum of $74,250 in late fees. The rider to the lease provided that the monthly rent for the first year of the lease was $1,700, and that if 55 Day Spa failed to pay rent within three days after the first of the month, a late fee of $50 per day began to accrue beginning on the fourth day of the month. In a 30-day month, the late fee would accrue on 27 days for a total of $1,350 in late fees, equal to, in effect, a 79% penalty for that month. In a 31-day month, the late fees would total $1,400, or an 82% penalty for that month. Under these circumstances, we find the late fee provision of the subject lease to be unenforceable. "The charge, while not technically interest, is unreasonable and confiscatory in nature and therefore unenforceable when examined in the light of the public policy expressed in Penal Law § 190.40, which makes an interest charge of more than 25% per annum a criminal offense" (Sandra's Jewel Box v 401 Hotel, 273 AD2d 1, 3). As such, the award of late fees in the sum of $74,250 was unreasonable and disproportionate (see 176 PM, LLC v Heights Stor. Garage, Inc., 157 AD3d 490, 495).
Finally, the defendants contend that the Supreme Court erred in awarding the plaintiff attorney's fees in the sum of $12,500 because the plaintiff failed to submit a sufficiently detailed affirmation of services rendered. "The determination of a reasonable attorney's fee is left to the sound discretion of the trial court" (RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839-840). Here, the court did not improvidently exercise its discretion in awarding the plaintiff attorney's fees in the sum of $12,500.
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court