Teva Realty, LLC v Cornaga Holding Corp. (2024 NY Slip Op 01833)

Teva Realty, LLC v Cornaga Holding Corp.

2024 NY Slip Op 01833

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-05640
 (Index No. 716617/19)

[*1]Teva Realty, LLC, et al., appellants,
v
Cornaga Holding Corp., et al., respondents.

Novak, Juhase & Stern, LLP, Cedarhurst, NY (Alexander Novak and Mordy Aryeh of counsel), for appellants.
Jeffrey W. Toback, P.C., Long Beach, NY, for respondents.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered June 17, 2021. The order, insofar as appealed from, granted those branches of the defendants' renewed motion which were for summary judgment dismissing the causes of action for specific performance of the contract, for equitable reduction of the contract price, and alleging anticipatory breach of contract.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' renewed motion which was for summary judgment dismissing the cause of action alleging anticipatory breach of contract, and substituting therefor a provision denying that branch of the renewed motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In July 2016, the plaintiff Abraham Birnbaum, on behalf of the plaintiff Rockaway Cornaga, LLC (hereinafter RC), entered into a contract with the defendants for the sale of certain real property. At the time the contract was executed, RC was not in existence and, indeed, would not be formed until just prior to the commencement of this action in 2019. The plaintiffs Teva Realty, LLC, and Q184-1, LLC, were not parties to the contract. Birnbaum, by way of the plaintiff South Brooklyn Realty Group, LLC, tendered the $100,000 contract deposit, which the defendants accepted, with the defendants' counsel holding the deposit in escrow. After the sale failed to close, the plaintiffs commenced the instant action, asserting, inter alia, causes of action for specific performance of the contract, for equitable reduction of the contract price, and alleging anticipatory breach of contract.
In an order dated June 2, 2020, the Supreme Court denied the defendants' motion, inter alia, for summary judgment dismissing the complaint for certain procedural reasons, with leave to renew. By notice of motion dated July 2, 2020, the defendants, in effect, renewed that motion. The plaintiffs, among other things, opposed the renewed motion. In an order entered June 17, 2021, the court, among other things, granted those branches of the defendants' renewed motion which were for summary judgment dismissing the causes of action for specific performance of the contract, for equitable reduction of the contract price, and alleging anticipatory breach of contract. The plaintiffs [*2]appeal.
The defendants failed to make a prima facie showing that RC lacked capacity to enter into a contract and, thus, that they were entitled to summary judgment dismissing the causes of action for specific performance of the contract, for equitable reduction of the contract price, and alleging anticipatory breach of contract on that basis. Generally, it is true that "'[s]ince a nonexistent entity cannot acquire rights or assume liabilities, a corporation which has not yet been formed normally lacks capacity to enter into a contract'" (JCL Props., LLC v Equity Land Developers, LLC, 102 AD3d 745, 745-746, quoting Rubenstein v Mayor, 41 AD3d 826, 828). However, under the doctrine of corporation by estoppel, "one who has recognized [an] organization as a corporation in business dealings should not be allowed to quibble or raise immaterial issues which do not concern him or her in the slightest degree or affect his or her substantial rights" (TY Bldrs. II, Inc. v 55 Day Spa, Inc., 167 AD3d 679, 681 [alterations and internal quotation marks omitted]). Thus, "parties who deal with an entity holding itself out as a corporation and who receive performance from such entity are estopped from avoiding their obligations to it" (Judarl v Cycletech, Inc., 246 AD2d 736, 736; see Boslow Family Ltd. Partnership v Glickenhaus & Co., 7 NY3d 664).
Here, the defendants dealt with RC as an incorporated entity for several years, from the execution of the contract in 2016 until the commencement of this action in 2019. Contrary to their contentions, the defendants failed to establish that they received no benefit from the contract, as they admit to having received the contract deposit, which was held in escrow by their attorney. Accordingly, the defendants are estopped from denying RC's validity for the purposes of avoiding their obligations to it (see Boslow Family Ltd. Partnership v Glickenhaus & Co., 7 NY3d at 667). Therefore, the defendants were not entitled to summary judgment dismissing the causes of action for specific performance of the contract, for equitable reduction of the contract price, and alleging anticipatory breach of contract on the basis of RC's alleged lack of capacity, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court properly granted those branches of the defendants' renewed motion which were for summary judgment dismissing the causes of action for specific performance of the contract and equitable reduction of the contract price on the alternate ground that those remedies are unavailable pursuant to the contract. While this contention has been raised by the defendants for the first time on appeal, as they concede, it presents a pure question of law that appears on the face of the record and could not have been avoided if raised at the proper juncture (see Wells Fargo Bank v Islam, 174 AD3d 670, 671-672). The contract provides that RC "agrees that after July 31, 2017, it shall not have the right to compel specific performance of this Agreement." As this action was not commenced until 2019, the defendants established, prima facie, that RC cannot seek specific performance of the contract and the related remedy of equitable reduction of the contract price (see generally S.E.S. Importers v Pappalardo, 53 NY2d 455, 468; Highbridge House Ogden LLC v Highbridge Entities LLC, 145 AD3d 487, 487). The plaintiffs failed to raise a triable issue of fact in opposition.
As the defendants have not raised an alternate basis by which to dismiss the cause of action alleging anticipatory breach of contract, that branch of the defendants' renewed motion which was for summary judgment dismissing that cause of action should have been denied.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court