Loman v DS Brooklyn Portfolio Owner LLC (2024 NY Slip Op 51614(U))

[*1]

Loman v DS Brooklyn Portfolio Owner LLC

2024 NY Slip Op 51614(U)

Decided on November 26, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 26, 2024
Supreme Court, Kings County

Katherine Loman, Plaintiff,

against
DS Brooklyn Portfolio Owner LLC, DELSHAH CAPITAL, DELSHAH CAPITAL, LLC, DELSHAH MANAGEMENT, LLC, DELSHAH MANAGEMENT, DELSHAH DEVELOPMENT, INC. and MICHAEL SHAH, Defendants.

Index No. 520765/2023

Law Office of Stephen H. Frankel, Garden City (Melissa A. Lenowitz of counsel), for plaintiff.
Fuchs Rosenzweig PLLC, New York City (Douglas Rosenzweig of counsel), for defendants.

Aaron D. Maslow, J.

The following papers (NYSCEF Documents) were used on this motion:
Document Nos. 16-25 (defendants' notice of motion and supporting papers)
Document Nos. 30-52 (plaintiff's papers in opposition)
Document Nos. 67-73 (defendants' reply papers)
Document Nos. 79-80 (plaintiff's surreply papers)
Document No. 83 (interim order)
Document No. 84 (plaintiff's letter brief)
Upon the foregoing papers, having heard oral argument [FN1]
, and due deliberation having been had, the within motion is determined as follows.
Background
In this action for personal injuries, plaintiff alleged that she was a property manager at 623 Halsey Street, Brooklyn, New York, employed by non-party Prestige PEO III, LLC when, on March 29, 2022, she tripped and fell on a stairway — the heel of her right shoe became entangled in a broken stair runner. The named defendants are the premises owner, the managing agent, and others. (See NYSCEF Doc No. 31, Lenowitz aff ¶¶ 3-12.)

Defendants' Contentions
Defendants move pursuant to CPLR 3211 (a) (5) to dismiss the complaint upon the ground that plaintiff's claims are barred by waiver and release. Specifically, defendants argue that on August 29, 2022, plaintiff executed a Separation Agreement and General Release ("Agreement-Release") following her termination on August 24, 2022 for reasons unrelated to the March 29, 2022 accident. Defendants argue that the Agreement-Release was executed in exchange for receiving $1,461.54 weekly until the separation date of September 18, 2022. (See NYSCEF Doc Nos. 16, notice of motion; 17, Rosenzweig aff ¶14.)
The Agreement-Release was entered into between "Delshah Management and all its affiliates ('Employer' or the 'Company') and Katherine Loman on her behalf and on behalf of her heirs, executors, administrators, successors, and assignees (collective referred to throughout this Agreement as 'Employee')" (NYSCEF Doc No. 19, Agreement-Release at PDF 1). Paragraph 3 of the Agreement-Release provided that "In consideration of the payments and benefits set forth in paragraph 1 above, Employee knowingly and voluntarily releases and forever discharges Employer, its parent corporation, owners, affiliates, subsidiaries, divisions, predecessors, insurers, successors, and assigns and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities . . . (collectively referred to throughout the remainder of the Agreement as 'Releases'[FN2]
) of and from any and all claims. . ." (id. ¶ 3).
In arguing that all defendants named in this action have been released by plaintiff, defendants set forth what they claim are their affiliations:
a. DS Brooklyn Portfolio Owner LLC: Michael Shah owns 100% of the common equity of DS Brooklyn Portfolio Owner LLC, through various intermediate entities. See Michael Shah affidavit Exhibit F, paragraph 5. Delshah Management LLC is the managing agent of the building and affiliated with DS Brooklyn pursuant to the common ownership.
b. Delshah Capital: This is a nonexistent entity wrongfully sued by the plaintiff. See Exhibit F, paragraph 11. However, all Delshah companies are owned by Michael Delshah and are thus affiliated with each other.
c. Delshah Capital LLC: This entity is a subsidiary and affiliate entity of Delshah BVI Holdings LLC. See Exhibit F, paragraph 12. Michael Shah owns 100% of the common equity of Delshah BVI Holdings LLC. See Exhibit E, paragraph 7. Accordingly, this entity is an affiliate of Delshah [*2]Management, LLC as a matter of law.
d. Delshah Management LLC: This is the entity named in the release and covered by same as a matter of law. Michael Shah owns 99% of the common equity of Delshah Management LLC. See Exhibit E, paragraph 10.
e. Delshah Management: This is a nonexistent entity wrongfully sued by the plaintiff. See Exhibit F, paragraph 11. However, all of the Delshah companies are owned by Michael Delshah and are thus affiliated with each other.
f. Delshah Development, Inc. is a subsidiary and affiliate entity of Delshah BVI Holdings LLC. See Exhibit F, paragraph 13.
g. Michael Shah: is an individual with ownership interest in all of the viable entities sued above. (NYSCEF Doc No. 17, Rosenzweig aff ¶ 24.)
DS Brooklyn Portfolio Owner LLC and Delshah Management, LLC are respectively the owner and managing agent of the building where the accident occurred. Michael Shah owns them and all of the defendants which are legal entities. Other than DS Brooklyn Portfolio Owner LLC and Delshah Management, LLC, the other entities sued have nothing to do with the litigation, argued defendants. (See NYSCEF Doc No. 18, defendants' mem law at 9.) Further, "Delshah Management and Delshah Capital are not actual companies, but if they were, they would be owned by Mr. Shah" (id. at 10).
Defendants maintain that a release is a contract and its construction is governed by contract law. Where the language of a release is clear and unambiguous, as it was here, the signing of the release is a jural act binding on the parties. A valid release constitutes a complete bar to an action on a claim which is the subject of the release. As this pertains to plaintiff, by signing the Agreement-Release she waived the instant claims against defendants. (See id. at 4-5.)

 Plaintiff's Contentions
In opposition, plaintiff argues that a fundamental requirement for the formation of a contract is that the parties have the legal capacity to contract. The Agreement-Release is void; it is as though it was never entered into. (See NYSCEF Doc No. 51, plaintiff's mem law at 3.) "[T]he nonexistent defendant DELSHAH MANAGEMENT was without legal capacity to contract and the purported Release was obtained by fraud in the execution. Furthermore, even if the purported Release were valid, which it is not, defendants' characterization of the term 'affiliate' is so overbroad and general as to render same meaningless." (Id. at 3-4.) Since defendant Delshah Management was nonexistent, the other entities cannot be covered by the Agreement-Release (see id. at 9). "It is beyond cavil that none of the existing defendants can be affiliated with a fictitious entity for any purpose, including the formation of a contract. Thus, the existing defendants, none of which were named in the purported Release, are not parties thereto and therefore are not insulated from plaintiff's claims." (Id.)

Discussion
In Huseinovic v Lee Wilson Mgt., LLC (230 AD3d 576, 576-577 [2d Dept 2024]), the Appellate Division recently discussed the parameters of a motion to dismiss grounded in the affirmative defense of release:[FN3]

" 'A party may move for judgment dismissing one or more causes of action asserted against him [or her] on the ground that . . . the cause of action may not be maintained because of . . . [a] release' " (Cames v Craig, 181 AD3d 851, 851 [2020], quoting CPLR 3211 [a] [5]). Because a release is a contract, "its construction is governed by contract law" (Cames v Craig, 181 AD3d at 851 [internal quotation marks omitted]; see Davis v Rochdale Vil., Inc., 109 AD3d 867, 867 [2013]). "Where 'the language of a release is clear and unambiguous, the signing of a release is a jural act binding on the parties' " (Prete v Tamares Dev. 1, LLC, 219 AD3d 1537, 1537 [2023], quoting Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]). "Whether the language set forth in a release unambiguously bars a particular claim is a question of law appropriately determined on a motion [to dismiss] based upon the entire release and without reference to extrinsic evidence" (Beys Specialty, Inc. v Euro Constr. Servs., Inc., 125 AD3d 911, 912 [2015] [internal quotation marks omitted]; see O'Hara v Magee, 212 AD3d 833, 834 [2023]).
As the Huseinovic decision, the issue of whether a release bars an action is a question of law and is properly determined on a motion to dismiss pursuant to CPLR 3211 (a) (5). In Huseinovic, the release was clear and effective to bar the action. In the case at bar, the release is clear and unambiguous in its terms. It is also clear that it clearly has no legal import. "Delshah Management and all its affiliates ('Employer' or the 'Company')" were being released but there is no legal entity named Delshah Management, according to defendants. As defendants stated, "Delshah Management: This is a nonexistent entity wrongfully sued by the plaintiff" (NYSCEF Doc No. 17, Rosenzweig aff ¶ 24). "Delshah Management and Delshah Capital are not actual companies. . ." (NYSCEF Doc No. 18, defendants' mem law at 10).
In Farrell v Housekeeper (298 AD2d 488 [2d Dept 2002]), a release was executed in favor of Hemlock Construction Co. Defendant Housekeeper used that name to conduct business. When Housekeeper was sued for breach of contract, he asserted that the release of Hemlock Construction Co. barred the action against him. The Court held otherwise:
The Supreme Court correctly denied Housekeeper's motion to dismiss the complaint insofar as asserted against him based on a release executed by the Farrells in the prior action, pursuant to CPLR 3211 (a) (5). Since Hemlock was a nonexistent entity, it could not " 'acquire rights by contract or otherwise, incur debts or other liabilities either in contract or tort, sue or be sued' " (Kiamesha Dev. Corp. v Guild Props., 4 NY2d 378, 389, quoting 18 CJS, Corporations § 88; see Judarl v Cycletech, 246 AD2d 736; Mindlin v Gehrlein's Mar., 58 Misc 2d 153, 154). Thus, the release executed by the Farrells for the benefit of Hemlock Construction has no legal effect and does not bar the Farrells's suit against Housekeeper individually. (Farrell, 298 AD2d at 489.)
The same principle applies here. Since the Agreement-Release provided for a release of claims against Delshah Management, a nonexistent entity, it has no "affiliates," and, as such, none of the named defendants herein has been released from any claims by plaintiff Katherine Loman. Any other arguments of plaintiff in opposition to defendants' motion, including that the release was fraudulently procured, are academic and need not be considered.

 Conclusion
Accordingly, IT IS HEREBY ORDERED that defendants' motion to dismiss pursuant to CPLR [*3]3211 (a) (5) is DENIED.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:Probably should be "Releasees." 

Footnote 3:Defendants relied on this case to support their argument that they were released. However, the entity which was released was a corporation which apparently existed in actual, legal form. The issue of whether a released entity was nonexistent and the consequences of such were not discussed by the Court.