■ ABA Consulting, LLC, Respondent, v Liffey Van Lines, Inc., Appellant. [889 NYS2d 540]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered January 23, 2009, which denied defendant's motion to vacate a 2007 settlement agreement, and, upon reargument of a prior order, denied in part defendant's motion to compel arbitration, denied its motion to dismiss the complaint, and modified the prior order only to direct that the parties submit the disputes pertaining to tax years 2007 and 2008 to mediation within 20 days, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered August 25, 2008, unanimously dismissed as subsumed in the appeal from the later order, with costs.

In March of 2004, the parties entered into a written agreement whereby plaintiff agreed to advise and assist defendant in identifying and qualifying for tax and business incentives and benefits. The consulting agreement set forth that the fee for plaintiff's services would be 20% of defendant's tax savings between 2004 and 2008, payable by April 15 of the year subsequent

to defendant's receipt of any tax benefit. The agreement also provided that any disputes were to be submitted to mediation, and if unsuccessful, to arbitration.

Defendant paid plaintiff for 2004, but not for 2005 and 2006. Plaintiff requested mediation, and when defendant did not respond, it commenced an action for its fee, and to compel the payment of future compensation for 2007 and 2008. The parties settled that lawsuit, and executed a settlement agreement confirming the terms of their agreement. The settlement agreement, which did not contain a mediation or arbitration clause, provided that defendant would pay $99,297 in full settlement of its alleged liability for tax years 2005 and 2006, without prejudice to plaintiff's claims for 2007 and 2008 fees. The parties also agreed to exchange general releases. Plaintiff thereafter delivered a notice of discontinuance and a general release to defendant. However, defendant did not furnish a general release to plaintiff.

In June 2008, plaintiff commenced an action for breach of the settlement agreement, seeking to compel defendant to execute a general release, and to pay plaintiff 20% of defendant's 2007 tax savings, as well as prospective savings for 2008. Defendant moved to dismiss this complaint and to compel arbitration of the dispute. In the August 25, 2008 order, the court denied the application for dismissal, and granted the motion to compel arbitration to the extent that it sought resolution of issues pertaining to 2007 and 2008 taxes. The order also directed defendant to deliver a general release to plaintiff in accordance with the settlement agreement within 20 days of service of a copy of the order with notice of entry.

After New York taxing authorities reversed defendant's tax credits for 2006, and sought a payment of $147,365.98 from it, defendant moved to vacate the settlement agreement. Defendant argued that it was induced to enter the settlement agreement upon the mistaken belief that an audit reducing any tax credits would result in a proportional refund or credit from plaintiff. In the order entered January 23, 2009, the court denied defendant's motion. The court concluded that if defendant expected to be reimbursed by plaintiff for reductions in tax credits for which it was required to reimburse the State, it should have insisted upon language effectuating such reimbursement within the settlement agreement. The court held that without such a provision, defendant had no contractual recourse from plaintiff for its tax arrears. Defendant appeals from both orders.

Defendant first argues that the dispute over fees for 2005 and

2006 should have been submitted to mediation or arbitration, or both, rather than being determined by the court. However, the settlement agreement, which resolved the dispute over these fees, did not contain a provision requiring mediation or arbitration. Accordingly, the court had jurisdiction to determine subsequently arising issues related to the settlement agreement.

Next, defendant urges that the settlement agreement should be vacated on the ground of mutual mistake, arguing that the parties must have contemplated reimbursement for tax arrears. However, while mutual mistake may furnish grounds for vacating a written agreement, there is a " 'heavy presumption that a deliberately prepared and executed written instrument manifest[s] the true intention of the parties' " and the "proponent of reformation must 'show in no uncertain terms, not only that mistake or fraud exists, but exactly what was really agreed upon between the parties' " (*Chimart Assoc. v Paul*, 66 NY2d 570, 574 [1986], quoting *George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219 [1978]). Defendant has not established that the parties came to any agreement, or even contemplated the refund of payments recouped by the taxing authorities, or that either had any knowledge, at the time the settlement agreement was executed, that defendant would be audited. Accordingly, the settlement agreement cannot be vacated on the ground of mutual mistake.

Defendant next argues that the settlement agreement should be vacated on the ground of unilateral mistake, contending that it was induced to pay fees upon the mistaken belief that any audit reducing its tax refunds would entitle it to a proportional refund or credit from plaintiff. However defendant presents no evidence that plaintiff fraudulently induced it to enter into the settlement agreement upon the false representation that it would adjust its fees if additional taxes were found due, as required for a finding that the contract was the product of unilateral mistake (*Rosen Auto Leasing, Inc. v Jacobs*, 9 AD3d 798, 800 [2004]). In fact, the settlement agreement was an arm's length transaction between businessmen who were represented by counsel, and the terms of plaintiff's compensation was consistent with that set forth in the parties original consulting agreement. We find no basis on this record for vacating that agreement (*see Greater N.Y. Mut. Ins. Co. v United States Underwriters Ins. Co.*, 36 AD3d 441, 443 [2007]). Concur—Gonzalez, P.J., Andrias, Catterson, Acosta and Abdus-Salaam, JJ. [*See* 2009 NY Slip Op 30126(U).]