■ STANLEY COHEN, Respondent, v PAULINE COHEN, Appellant. [940 NYS2d 250]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered September 20, 2010, which, in this action for divorce, denied defendant's motion to vacate and declare void and/or set aside a prenuptial agreement or to set the matter down for a hearing on the circumstances surrounding its execution, and denied her motion for an injunction with respect to certain assets, unanimously affirmed, without costs.

The motion to vacate or set aside the parties' prenuptial agreement was properly denied without a hearing, as defendant failed to meet her burden of presenting evidence of fraud, duress or overreaching with respect to the agreement, which was executed in France and written in defendant's native tongue (*see Stawski v Stawski*, 43 AD3d 776, 777 [2007]; *Forsberg v Forsberg*, 219 AD2d 615, 616 [1995]). Defendant's contradictory affidavit and her doctor's letter do not support her suggestion that, because of her pregnancy, she lacked the mental capacity to understand or execute the agreement. Further, plaintiff's alleged threat to cancel the wedding if defendant refused to sign the agreement does not constitute duress (*Colello v Colello*, 9 AD3d 855, 858 [2004], *lv denied* 11 AD3d 1053 [2004]). Nor does the absence of legal representation establish overreaching or require an automatic nullification of the agreement (*see id.*), especially as the evidence shows that the agreement was prepared by an independent public official unaligned with either party. Plaintiff's alleged failure to fully disclose his financial situation is also insufficient to vitiate the prenuptial agreement (*Strong v Dubin*, 48 AD3d 232, 233 [2008]). Indeed, there is no

evidence that plaintiff concealed or misrepresented any financial information or the terms of the agreement (*id.*).

To the extent the prenuptial agreement, to be enforceable in New York, must contain an acknowledgment sufficient to entitle a real property deed to be recorded (*see* Domestic Relations Law § 236 [B] [3]), this requirement was satisfied by plaintiff's filing, at the direction of the court, of a certificate of conformity attesting to the credentials of the French official who drafted the agreement, and certifying that his proof of acknowledgment of the agreement conformed to the laws of France (*see* Real Property Law § 301-a).

There was no basis for restraining the subject assets, as defendant failed to show that they are not owned by plaintiff separately under the terms of the prenuptial agreement (*see Guttman v Guttman*, 129 AD2d 537, 539 [1987]). Concur—Mazzarelli, J.P., Friedman, Richter and Abdus-Salaam, JJ.