■ VNB New York Corp., Appellant, v Chatham Partners, LLC, Defendant, and Barry Akrongold et al., Respondents. [5 NYS3d 367]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered November 25, 2013, which, to the extent appealed from, denied plaintiff's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in plaintiff's favor in the amount sought in the complaint.

Plaintiff demonstrated, by the requisite clear and convincing evidence, that it was entitled to reformation of the subject guaranty to correct the name of the borrower of the underlying loan (*see Nash v Kornblum*, 12 NY2d 42, 46 [1962]).

The testimony of the draftsperson and the loan documents, including the guaranty, which were executed on the same day, named a loan in the same amount, and applied to the same property, and the fact that no loan was ever extended to the entities named in the guaranty as borrowers establishes that the parties had come to an agreement that the individual defendants were guaranteeing the loan to Chatham Partners,

LLC, rather than to the named entities, and that the insertion of the names of those entities in the guaranty was a scrivener's error (*see US Bank N.A. v Lieberman*, 98 AD3d 422, 424 [1st Dept 2012]; *Stonebridge Capital, LLC v Nomura Intl. PLC*, 68 AD3d 546, 548 [1st Dept 2009], *lv dismissed* 15 NY3d 735 [2010]).

Moreover, defendants ratified the guaranty by accepting its benefits in the form of the loan proceeds and not acting promptly to repudiate it (*see Allen v Riese Org., Inc.*, 106 AD3d 514, 517 [1st Dept 2013]). Indeed, they confirmed their role as guarantors by signing a loan modification in that capacity, despite the absence of any new guaranty in that document, and by providing the lender with their financial statements pursuant to the guaranty.

Defendants' contention that the document they signed had the limited purpose of guaranteeing the lender's obligation to pay the expenses and costs related to preparation for the closing of the loan in the event the closing did not take place is belied by the fact that the guaranty is unconditional and not so limited by its terms. Moreover, the document was executed at the closing.

Contrary to defendants' contention, neither the statute of frauds nor the parol evidence rule bars the reformation claim (*see Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]). Similarly, the rules with respect to strictly construing guarantees and construing documents against their drafter have no bearing here.

Defendants' affirmative defenses are barred by the guaranty's "absolute and unconditional" nature and its waiver of defenses provision (*see Citibank v Plapinger*, 66 NY2d 90, 92 [1985]; *Red Tulip, LLC v Neiva*, 44 AD3d 204, 209 [1st Dept 2007], *lv dismissed* 10 NY3d 741 [2008]). The record does not support defendants' contention that the waiver of defenses provision was rendered ineffective because the lender caused or contributed to the loan default. In any event, none of the defenses had merit. Concur—Friedman, J.P., Andrias, Moskowitz, DeGrasse and Richter, JJ. **[Prior Case History: 2013 NY Slip Op 33535(U).]**