■ 313-315 WEST 125TH STREET L.L.C., et al., Appellants, v ARCH SPECIALTY INSURANCE COMPANY, Respondent, et al., Defendant. (And a Third-Party Action.) [30 NYS3d 74]—

Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered March 27, 2015, which, to the extent appealed from as limited by the briefs, granted defendant-respondent's (Arch) motion for summary judgment declaring that plaintiffs 313-315 West 125th Street L.L.C. (313 West) and Plaza Circle Enterprises, LLC have no coverage under the Arch insurance policy at issue, that plaintiffs are precluded from reforming the underlying construction contract to name 313 West, rather than nonparty Solil Management LLC (Solil), as "Owner," and that plaintiffs are not third-party beneficiaries of that contract, granted Arch's motion for summary judgment dismissing defendant Katselnik & Katselnik Group, Inc.'s (K&K) cross claim against Arch for a declaration that plaintiffs are additional insureds under the Arch policy, and denied plaintiffs' motion for summary judgment on their contractual reformation claim and for summary judgment declaring that Arch must defend and indemnify them in the underlying action, unanimously reversed, on the law, without costs, Arch's motions denied, and plaintiffs' motion granted.

Plaintiff 313 West is the owner of the building where the plaintiff in the underlying Labor Law action was injured while working on a construction project. Solil, 313 West's managing agent, hired K&K as the general contractor for the project pursuant to a written form agreement that referred to Solil as "the Owner." The General Conditions of that agreement provided, inter alia, that K&K would indemnify and hold harmless "the Owner" and its agents to the fullest extent permitted by law against claims arising out of or resulting from performance of the work.

Arch issued a commercial general liability policy of insurance to K&K. When plaintiffs tendered their defense in the underlying action, Arch denied the tender on the ground that the underlying construction contract named Solil as the Owner

and did not reference plaintiffs. As a result, plaintiffs commenced this declaratory judgment action seeking coverage. To the extent the agreement between Solil and K&K incorrectly identified Solil as the Owner, plaintiffs sought reformation of the contract.

Contrary to the motion court's conclusion, plaintiffs' contention that the agreement between Solil and K&K should be reformed to name 313 West rather than Solil as the "Owner" has merit.

"A claim for reformation of a written agreement must be grounded upon either mutual mistake or fraudulently induced unilateral mistake" (*Greater N.Y. Mut. Ins. Co. v United States Underwriters Ins. Co.*, 36 AD3d 441, 443 [1st Dept 2007]). To succeed, the party asserting mutual mistake must establish by "clear, positive and convincing evidence" that the agreement does not accurately express the parties' intentions or previous oral agreement (*Amend v Hurley*, 293 NY 587, 595 [1944] [emphasis omitted]; *see also Nash v Kornblum*, 12 NY2d 42, 46 [1962]). Parol evidence may be used (*see VNB N.Y. Corp. v Chatham Partners, LLC*, 125 AD3d 517, 518 [1st Dept 2015], *lv denied* 25 NY3d 910 [2015]), and reformation is an appropriate remedy where the wrong party was named in the contract (*see e.g. EGW Temporaries, Inc. v RLI Ins. Co.*, 83 AD3d 1481 [4th Dept 2011]). On the record before us, plaintiffs clearly and convincingly established that K&K intended to indemnify the true owner, 313 West, and that, as a result of mutual mistake, the agreement misidentified Solil, the managing agent, rather than 313 West itself, as the "Owner" of the property where the work was to be performed.

The agreement was signed by Solil's director of commercial management, Joseph Grabowski, "As Agent." At his deposition, Grabowski testified that he "negotiated the price and . . . signed the contract for the owner," by which he meant 313 West. Louisa Little, who had been "the Manager of Solil" since 2008, stated in an affidavit that Grabowski executed the contract "as agent for the Owner . . . , 313-315 [313 West]," but that "[i]n reducing the parties' agreement to writing, Solil . . . was erroneously inserted in the provision for 'Owner' . . . through the mutual mistake of both parties." Numerous provisions in the agreement were structured around the true property owner, 313 West, as the real party in interest, for whose benefit the work was performed.

K&K's vice president, Arkadi Katselnik, confirmed that he agreed and intended to indemnify and procure additional insured coverage for 313 West. He stated in an affidavit that

"[i]n accordance with" the agreement, K&K "procured all insurance policies required thereunder, as well as provided Solil with executed certificates of insurance which designated Solil and the 313-315 [313 West] Parties as additional insureds with respect to said insurance policies, to the extent permitted by applicable law." Numerous certificates of insurance naming 313 West as an additional insured on K&K's policies were offered to show the intent of the parties, i.e., that 313 West was to be protected by the indemnity clause in the agreement as the real party in interest.

Accordingly, the construction contract's provision requiring K&K to procure insurance covering "the Owner" as an additional insured referred to 313 West, rather than Solil, and the amendment of the insurance policy "to include as an additional insured those persons or organizations who are required under a written contract with [K&K] to be named as an additional insured" effectively names plaintiffs as additional insureds. Concur—Friedman, J.P., Andrias, Saxe and Richter, JJ.