FYM Millbrook, LLC v Weinberg (2019 NY Slip Op 02840)





FYM Millbrook, LLC v Weinberg


2019 NY Slip Op 02840


Decided on April 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2019

Renwick, J.P., Gische, Kapnick, Moulton, JJ.


9012N 850003/16

[*1] FYM Millbrook, LLC, Plaintiff-Appellant,
v
Sarah Weinberg, et al., Defendants-Respondents.


Kriss & Feuerstein LLP, New York (Michael J. Bonneville of counsel), for appellant.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered September 5, 2017, which, to the extent appealed from as limited by the brief, denied plaintiff's motion for summary judgment for foreclosure and to strike certain affirmative defenses and the counterclaim, unanimously affirmed, with costs.
Summary judgment was properly denied since triable issues of fact exist as to the identity of the indebted party. Although plaintiff claimed that the party named as maker on the note was a mere scrivener's error, it did not bring a claim for reformation of the note, nor did it provide clear and convincing evidence of such error (see Nash v Kornblum, 12 NY2d 42, 46 [1962]; cf. VNB N.Y. Corp. v Chatham Partners, LLC, 125 AD3d 517 [1st Dept 2015], lv denied 25 NY3d 910 [2015]). Without evidence from someone with direct knowledge of the preparation of the loan documents, or any other documentary evidence that the parties at the time of the contracting intended solely that defendant, in her individual capacity, was the maker of the note and the named recipient of the loan proceeds, plaintiff has not made a prima facie showing that it was entitled to judgment of foreclosure on the debt. The motion court correctly rejected plaintiff's claim that the mortgage was sufficient to dispel any factual issues regarding the maker of the note.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2019
CLERK