Lezama v Pedraza (2022 NY Slip Op 00656)





Lezama v Pedraza


2022 NY Slip Op 00656


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-10028
 (Index No. 52336/16)

[*1]Janet Patricia Lezama, respondent,
v
Jesus Demetrio Tueme Pedraza, appellant.


Anthony M. Giordano, Ossining, NY, for appellant.
Kass & Navins, PLLC, Tarrytown, NY (Dana Navins of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Westchester County (William J. Giacomo, J.), dated June 21, 2018. The judgment of divorce, insofar as appealed from, upon an order of the same court (Gretchen Walsh, J.) dated April 7, 2017, denying that branch of the defendant's motion which was to confirm and enforce the parties' alleged prenuptial agreement containing a separation of property election under Mexican law, made an equitable distribution of the parties' marital assets. The notice of appeal from the order is deemed to be a notice of appeal from the judgment of divorce (see CPLR 5512[a]).
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant, both born in Mexico, were married in Mexico in 1990. In or around February 2016, the plaintiff commenced this action for a divorce and ancillary relief in New York, where the parties currently reside, seeking, among other things, "equitable distribution of the marital property."
By order to show cause dated September 9, 2016, the defendant moved, inter alia, to confirm and enforce the parties' alleged separation of property election under Mexican law as evidenced by, inter alia, an alleged prenuptial agreement, which consisted of a marked checkbox on their marriage certificate, electing a "separation property regime." In an order dated April 7, 2017, the Supreme Court denied that branch of the defendant's motion. Subsequently, the parties were divorced by a judgment of divorce dated June 21, 2018. The defendant appeals.
The evidence submitted by the defendant was insufficient to establish that the marriage certificate containing the separation of property election conformed to the requirements under Mexican law. Therefore, it was not valid or enforceable in New York (see Domestic Relations Law § 236[B][3]; Real Property Law § 301-a; see generally Galetta v Galetta, 21 NY3d 186; Matisoff v Dobi, 90 NY2d 127; cf. Cohen v Cohen, 93 AD3d 506, 507).
The defendant's remaining contentions either are without merit or need not be reached [*2]in light of our determination.
DILLON, J.P., BARROS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court