PrairieGold Solar LLC v AGCS Mar. Ins. Co. (2025 NY Slip Op 06666)

PrairieGold Solar LLC v AGCS Mar. Ins. Co.

2025 NY Slip Op 06666

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Rosado, Hagler, JJ. 

Index No. 650728/18|Appeal No. 5245|Case No. 2024-05934|

[*1]PrairieGold Solar LLC, Plaintiff-Appellant,
v
AGCS Marine Insurance Company, et al., Defendants-Respondents.

The Law Office of Thomas M. Mullaney, New York (Thomas M. Mullaney of counsel), for appellant.
Mound Cotton Wollan & Greengrass LLP, New York (Philip Silverberg of counsel), for AGCS Marine Insurance Company, respondent.
Zelle LLP, New York (Jennifer A. Hoffman of counsel), for RSG Underwriting Managers LLC, respondent.

Order, Supreme Court, New York County (Kathy J. King, J.), entered August 23, 2024, which, upon reargument, granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion for summary judgment denied.
Plaintiff commenced this action against its insurers for their denial of coverage for damages to plaintiff's facility in Puerto Rico from Hurricane Maria. Plaintiff alleges that the damages caused by Hurricane Maria to its Carmelo Productora facility in Puerto Rico are covered under the all-risk and business interruption insurance policy issued to it by defendants in September 2014 (the policy). The policy defined a "windstorm" as including a storm named by the National Weather Service or National Hurricane Center. Neither party disputes that Hurricane Maria, which caused the damages to the Carmelo Productora facility, was a "windstorm" as defined in the policy. Furthermore, the policy, which contains a section titled "General Exclusions," listed 15 types of events that would not be covered if they resulted in a loss, and windstorm, hurricane, and natural catastrophe (NAT CAT) are absent from that list. Accordingly, plaintiff argues that based upon the express language of the policy, damage from a windstorm or hurricane is covered under the policy.
Defendants counterclaimed for reformation, arguing that the parties knew that the policy did not provide coverage for NAT CAT, and the fact that plaintiff inquired about additional NAT CAT coverage and opted not to purchase it further supports their claim for reformation.
The court should have denied defendants' motion for summary judgment on their counterclaims for reformation. To meet their initial burden, defendants must establish mutual mistake by clear and convincing evidence; overcome the "heavy presumption that the agreement entered into and negotiated by sophisticated parties manifests the true intention of the parties" (Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]; K.I.D.E. Assoc. v Garage Estates Co., 280 AD2d 251, 253 [1st Dept 2001]); and show "that the agreement does not accurately express the parties' intentions or previous oral agreement" (see 313-315 W. 125th St. L.L.C. v Arch Specialty Ins. Co., 138 AD3d 601, 602 [1st Dept 2016]). Furthermore, defendants must demonstrate that the mutual mistake occurred at the time the agreement was executed (ABA Consulting, LLC v Liffey Van Lines, Inc., 67 AD3d 401, 403 [1st Dept 2009]).
Defendants failed to show by clear and convincing evidence that both parties intended for the policy to exclude named Windstorm damage to plaintiff's Puerto Rico facility at the time of its execution. Indeed, defendants' own submissions in support of their motion raise triable issues of fact concerning mutual mistake, and tend to refute defendants' claim that the parties each believed that the coverage did not apply to named windstorms. Defendants submitted deposition testimony from plaintiff's employee in which they discussed that plaintiff believed that named storms were covered under the policy. Further, defendants' own employee admitted in her testimony that it was her impression that plaintiff "clearly thought" it was covered for named windstorms. Defendants' contention that plaintiff's inquiry into purchasing additional NAT CAT coverage is simply not enough, without more, to establish mutual mistake.
In any event, even assuming that defendants met their initial burden, plaintiff raised triable issues of fact in opposition. Specifically, plaintiff submitted the testimony of its corporate representative stating that plaintiff declined to purchase the more expensive NAT CAT coverage because it was already covered under the all-risk policy for hurricanes and was not concerned about damage from the "lesser storms" that would have been covered by the additional NAT CAT coverage.
We have considered defendants' arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025