Sobiech v Dillon (2026 NY Slip Op 00277)

Sobiech v Dillon

2026 NY Slip Op 00277

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2021-00711
 (Index No. 8345/19)

[*1]Edwin Sobiech, et al., plaintiffs/counterclaim defendants-appellants, 
vLeora Dillon, et al., defendants/counterclaim plaintiffs/third-party plaintiffs-respondents; 39 Foley Road Farm, LLC, third-party defendant-appellant.

Michael J. Mahon, Nyack, NY, for plaintiffs/counterclaim defendants-appellants.
Hinman, Howard & Kattell, LLP, White Plains, NY (Jacob Sher of counsel), for defendants/counterclaim plaintiffs/third-party plaintiffs-respondents.

DECISION & ORDER
In a consolidated action, inter alia, for a judgment declaring that a certain lease is null and void and proceeding to recover possession of certain real property, the plaintiffs/counterclaim defendants and the third-party defendant appeal from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated January 19, 2021. The order, insofar as appealed from, granted those branches of the motion of the defendants/counterclaim plaintiffs/third-party plaintiffs which were for summary judgment, in effect, declaring that the lease is enforceable and on their counterclaim and the third-party cause of action, both for reformation of the lease, and denied those branches of the cross-motion of the plaintiffs/counterclaim defendants and the third-party defendant which were for summary judgment declaring that the lease is null and void and, in effect, dismissing the counterclaim of the defendants/counterclaim plaintiffs/third-party plaintiffs and the third-party cause of action, both for reformation of the lease. The appeal by the third-party defendant was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the appeal by the plaintiffs/counterclaim defendants from so much of the order as granted that branch of the motion of the defendants/counterclaim plaintiffs/third-party plaintiffs which was for summary judgment on the third-party cause of action for reformation of the lease is dismissed, as the plaintiffs/counterclaim defendants are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is affirmed insofar as reviewed on the appeal by the plaintiffs/counterclaim defendants, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that the lease is enforceable; and it is further,
ORDERED that one bill of costs is awarded to the defendants/counterclaim plaintiffs/third-party plaintiffs.
The plaintiff/counterclaim defendant Edwin Sobiech and the defendant/counterclaim plaintiff/third-party plaintiff Leora Dillon were involved in a romantic relationship from 2014 to 2017. In 2016, Sobiech formed the plaintiff/counterclaim defendant 39 Foley Rd., LLC (hereinafter [*2]39 Foley), and purchased real property on Foley Road in Warwick (hereinafter the property) through 39 Foley, allegedly so that Dillon could operate an equestrian center on the property. Shortly thereafter, Dillon formed the defendant/counterclaim plaintiff/third-party plaintiff CEC, LLC, and began operating an equestrian center known as "CEC—Corinthian Equestrian Center, LLC," on the property. On July 2, 2018, Sobiech, on behalf of "39 Foley Road Farm, LLC," as landlord, and Dillon, on behalf of "Corinthians Equestrian Center, LLC," as tenant, executed a "Farm Lease Agreement" (hereinafter the lease) for the property. The lease covered a term extending to December 31, 2033, and provided that the tenant shall have use of the property as an equestrian center for the duration of the lease term in exchange for payment of monthly rent in the sum of $400. At the time the lease was entered into, neither "39 Foley Road Farm, LLC," nor "Corinthians Equestrian Center, LLC," existed. In September 2019, after the relationship between Sobiech and Dillon ended, Dillon received a notice to tenant terminating her "month to month" tenancy for the property as of October 31, 2019.
In October 2019, Sobiech and 39 Foley commenced this action against Dillon and CEC, LLC, inter alia, for a judgment declaring that the lease is null and void because the parties thereto were not valid legal entities. Meanwhile, in November 2019, 39 Foley Road Farm, LLC (hereinafter 39 Foley Road Farm), commenced a proceeding against Dillon to recover possession of the property. That proceeding was removed to the Supreme Court and consolidated with this action. Dillon and CEC, LLC, interposed an answer asserting, among other things, a counterclaim for reformation of the lease to reflect that the parties thereto are 39 Foley and CEC, LLC, and commenced a third-party action, inter alia, for similar relief. Subsequently, Dillon and CEC, LLC, moved, among other things, for summary judgment, in effect, declaring that the lease is enforceable and on their counterclaim and the third-party cause of action, both for reformation of the lease. Sobiech, 39 Foley, and 39 Foley Road Farm (hereinafter collectively the Sobiech parties) opposed the motion and cross-moved, inter alia, for summary judgment declaring that the lease is null and void and, in effect, dismissing the counterclaim and the third-party cause of action, both for reformation of the lease. In an order dated January 19, 2021, the Supreme Court, among other things, granted those branches of the motion and denied those branches of the cross-motion. This appeal ensued.
Generally, "[s]ince a nonexistent entity cannot acquire rights or assume liabilities, a corporation which has not yet been formed normally lacks capacity to enter into a contract" (Rubenstein v Mayor, 41 AD3d 826, 828; see Teva Realty, LLC v Cornaga Holding Corp., 226 AD3d 723, 724). However, under the doctrine of incorporation by estoppel, "one who has recognized the organization as a corporation in business dealings should not be allowed to quibble or raise immaterial issues on matters which do not concern him [or her] in the slightest degree or affect his [or her] substantial rights" (Boslow Family Ltd. Partnership v Glickenhaus & Co., 7 NY3d 664, 668 [internal quotation marks omitted]; see Teva Realty, LLC v Cornaga Holding Corp., 226 AD3d at 724; TY Bldrs. II, Inc. v 55 Day Spa, Inc., 167 AD3d 679, 681).
Here, the Supreme Court properly determined that the Sobiech parties were estopped from contesting the validity of the lease on the ground that "39 Foley Farm Road, LLC," and "Corinthians Equestrian Center, LLC," were not the technical names of the respective corporations that had been formed by Sobiech and Dillon at the time the lease was entered into (see Boslow Family Ltd. Partnership v Glickenhaus & Co., 7 NY3d at 668-669; Teva Realty, LLC v Cornaga Holding Corp., 226 AD3d at 725; TY Bldrs. II, Inc. v 55 Day Spa, Inc., 167 AD3d at 681; see also Assos Constr. Corp. v 1141 Realty LLC, 120 AD3d 1151, 1151-1152). Moreover, the court properly reformed the lease to substitute 39 Foley, as landlord, and CEC, LLC, as tenant. There is no dispute that Sobiech and Dillon intended for the property, which was owned by 39 Foley, to be leased to Dillon for the purpose of running an equestrian center and that CEC, LLC, was formed by Dillon for the purpose of running an equestrian center known as "CEC—Corinthian Equestrian Center, LLC" (see Bank of Am., N.A. v Pennicooke, 186 AD3d 545, 546; A.E.C. Consulting & Expediting, Inc. v Vella, 176 AD3d 496, 497; 313-315 W. 125th St. L.L.C. v Arch Specialty Ins. Co., 138 AD3d 601, 602).
Contrary to the contention of Sobiech and 39 Foley, they failed to establish that the lease should be set aside as unconscionable or the product of duress. The doctrine of [*3]unconscionability protects against "unjust enforcement of onerous contractual terms which one party is able to impose [upon] the other because of a significant disparity in bargaining power" (159 MP Corp. v Redbridge Bedford, LLC, 33 NY3d 353, 360 [internal quotation marks omitted]; see Matter of New Brunswick Theol. Seminary v Van Dyke, 184 AD3d 176, 182). "In general, an unconscionable contract has been defined as one which is so grossly unreasonable as to be unenforc[ea]ble because of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party" (King v Fox, 7 NY3d 181, 191; see Gillman v Chase Manhattan Bank, 73 NY2d 1, 10; Taha v Elzemity, 157 AD3d 744, 745). To demonstrate duress, a party "must demonstrate that threats of an unlawful act compelled his or her performance of an act which he or she had the legal right to abstain from performing and that the threat was such as to deprive the party of the exercise of free will" (Gandham v Gandham, 170 AD3d 964, 967 [internal quotation marks omitted]; see Polito v Polito, 121 AD2d 614, 614-615).
Applying these principles here, the Sobiech parties failed to establish that the lease was unconscionable (see Riesenburger Props., LLLP v Pi Assoc., LLC, 225 AD3d 803, 806) or the product of duress (see Shah v Mitra, 171 AD3d 971, 976-977; Cohen v Cohen, 93 AD3d 506, 506). Further, by accepting the benefits of the lease for a period of more than a year, Sobiech and 39 Foley ratified the lease and, thus, relinquished their right to challenge the same (see Forman v Forman, 211 AD3d 698, 700; Korngold v Korngold, 26 AD3d 358, 359).
Accordingly, the Supreme Court properly granted those branches of the motion of Dillon and CEC, LLC, which were for summary judgment, in effect, declaring that the lease is enforceable and on their counterclaim for reformation of the lease, and properly denied those branches of the Sobiech parties' cross-motion which were for summary judgment declaring that the lease is null and void and, in effect, dismissing that counterclaim and the third-party cause of action for reformation of the lease.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that the lease is enforceable (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court