25-2043-cv
*Peleus Insurance Company v. American European Insurance Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-six.

Present:

> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> *Circuit Judges*.

───────────────────────────────

PELEUS INSURANCE COMPANY, ON ITS OWN BEHALF AND O/B/O 57TH AVENUE ASSOCIATES,

> *Plaintiff-Counter-Defendant-Appellant,*

v.                                                                          25-2043-cv

AMERICAN EUROPEAN INSURANCE COMPANY,

> *Defendant-Counter-Claimant-Appellee.**

───────────────────────────────

* The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this order.

1

For Plaintiff-Appellant:               LESTER CHANIN, Farber Brocks & Zane LLP, Garden
                                       City, NY

For Defendant-Appellee:                STEVEN VERVENIOTIS, Miranda Slone Sklarin
                                       Verveniotis LLP, Mineola, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Diane Gujarati, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Peleus Insurance Company ("Peleus") appeals from a judgment of the United States District Court for the Eastern District of New York entered on August 1, 2025, granting summary judgment in favor of American European Insurance Company ("AEIC"). As relevant to this appeal, this case concerns whether a landlord's insurer (Peleus) or its lessee's insurer (AEIC) must defend and indemnify the landlord in a trip-and-fall case filed against both the landlord and the lessee in New York state court. The landlord is 57th Avenue Associates ("57th Avenue"), which owns a building located at 96-05 57th Avenue in Corona, New York. The lessee is 21st Century Pharmacy Inc. ("21st Century"). We assume the parties' familiarity with the case.

## I.    Background

*AEIC Policy.* 57th Avenue and 21st Century executed a ten-year lease in January 2013. The lease was signed by Charles Ingber as 57th Avenue's agent. The lease required 21st Century to obtain general commercial liability insurance for the benefit of the owner of the property—that is, 57th Avenue.

21st Century obtained insurance from AEIC. There is no dispute that the relevant policies—a businessowners policy of insurance and an umbrella policy (together, the "Policy")—

2

were in effect from March 16, 2020, to March 16, 2021, and that the trip and fall occurred within the coverage period, on October 5, 2020. The Policy contains an endorsement entitled "Additional Insured – Managers or Lessors of Premises" that extends coverage to a person or organization with respect to "liability arising out of the ownership, maintenance or use of that part of the premises leased to [21st Century] and shown in the Schedule." App'x at 170. The Schedule is blank, but its form text indicates that "[i]nformation required to complete this Schedule, if not shown above, will be shown in the Declarations." *Id*. In turn, the "Businessowners Declaration" identifies 21st Century as the "Named Insured" and "96-05 57 AVE CORONA NY 11368-9999" as the insured location. *Id.* at 90. The same page lists "Charles Ingber" as the "Mortgage/Loss Payable/Additional Interest." *Id*.

***Peleus's Policy.*** Peleus issued a commercial general liability policy of insurance to "Charles Ingber ETAL" for the period of August 30, 2020, to August 30, 2021 (and so, as with the AEIC Policy, the trip and fall occurred within the coverage period of the Peleus policy). *Id*. at 644. That policy provides primary coverage to its insureds, except that the coverage is excess over "[a]ny other primary insurance available to [the insured] covering liability for damages arising out of the premises or operations, or the products and completed operations, for which [the insured] ha[s] been added as an additional insured." *Id*. at 656.

***Procedural History.*** On January 28, 2022, Blossom Miller sued 57th Avenue and 21st Century in New York Supreme Court alleging that, on or about October 5, 2020, she was injured when she tripped on the sidewalk in front of the leased premises (the "Miller Action"). In a letter dated April 26, 2022, Peleus demanded that AEIC defend and indemnify 57th Avenue in the Miller Action. AEIC refused, and, following several rounds of correspondence, Peleus brought this suit against AEIC on May 8, 2023, seeking a declaration that AEIC had to defend and indemnify 57th

3

Avenue in the Miller Action because 57th Avenue was an additional insured under the AEIC Policy, that the coverage available to 57th Avenue from AEIC was primary and non-contributory to any coverage available from Peleus, and that AEIC had to reimburse Peleus for costs incurred in defending and indemnifying 57th Avenue in the Miller Action.

Following discovery and the parties' dueling motions for summary judgment, the district court concluded that AEIC had no duty to defend or indemnify 57th Avenue in the Miller Action. According to the district court, because "57th Avenue is not listed as an additional insured in the Schedule or in the Declarations," it "does not qualify as an additional insured under the AEIC Policy and thus is not entitled to any coverage under the AEIC Polic[y]." Special App'x at 18 (citation omitted). The district court further observed that the Declarations "do not identify any additional insured." *Id.* Presumably addressing Peleus's argument that Ingber is an additional insured under the AEIC Policy, and that Ingber rather than 57th Avenue is named in the endorsement pursuant to a (remediable) scrivener's error, the district court noted that "Ingber is referenced in the Declarations as 'Mortgage/Loss Payable/Additional Interest,' not as an additional insured." *Id.* at 18 n.9. The district court further reasoned that reformation of the AEIC Policy was not appropriate because there was no evidence of fraud or mutual mistake.

This appeal followed.

## II.    Discussion

We review the district court's grant of summary judgment *de novo*, affirming only if, "construing the evidence in the light most favorable to the [non-moving] party . . . and drawing all reasonable inferences in that party's favor," we conclude that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Covington Specialty*

4

*Ins. v. Indian Lookout Country Club*, 62 F.4th 748, 752 (2d Cir. 2023).[1] The parties do not dispute that New York law governs these claims. As relevant here, "[w]hen determining whether a third party is an additional insured under an insurance policy, a court must ascertain the intention of the parties to the policy, as determined from within the four corners of the policy itself." *Island Trees Union Free Sch. Dist. v. A 1 Constr. Serv., Inc.*, 248 N.Y.S.3d 286, 288 (2d Dep't 2025).

In order to find that 57th Avenue is covered under the AEIC Policy, the Court would need to agree that there is no dispute of material fact that (1) Charles Ingber is named as an "additional insured" on the AEIC Policy, (2) that the intention of the *parties* to the policy was to instead name 57th Avenue, and (3) that Ingber is named pursuant to a mere scrivener's error. In such a case, we could read 57th Avenue into the AEIC Policy as an additional insured. *See Born v. Schrenkeisen*, 110 N.Y. 55, 59 (1888) ("Where there is no mistake about the agreement and the only mistake alleged is in the reduction of that agreement to writing, such mistake of the scrivener, or of either party, no matter how it occurred, may be corrected."); *see also* 27 Williston on Contracts § 70:93 (4th ed.).

We agree that the undisputed facts compel the proposition that Ingber is an additional insured under the AEIC Policy. However, the undisputed facts also defeat the proposition that the Policy intended to name 57th Avenue as the additional insured and named Ingber only in error. Thus, we conclude that the district court properly granted summary judgment in favor of AEIC.

The district court noted that Ingber is listed on the AEIC Policy as an "additional interest," but not an additional insured, and thus ended its inquiry there. However, the documentary evidence in the record makes clear that "additional interest" in this context means "additional

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

insured." The presence of the "Additional Insured – Managers or Lessors of Premises" endorsement in the Policy—even though left empty—suggests that there was indeed *some* additional insured coverage, particularly in light of the endorsement's instruction that information required to complete it "will be shown in the Declarations." App'x at 170. As discussed earlier, Ingber is identified in the Businessowners Declaration as the "Mortgage/Loss Payable/Additional Interest." *Id.* at 90. Read together, these two pages of the Policy are strong evidence that Ingber's designation in the Businessowners Declaration as an "additional interest" was intended to memorialize his coverage as an additional insured. Indeed, the insurance application that 21st Century submitted to AEIC clarifies that the term "additional interest" as used in the Policy means "additional insured." Specifically, the application contains an "additional interest" section that lists twelve "additional interests" the applicant might have alongside twelve corresponding boxes the applicant may check. *Id.* at 234. On 21st Century's application, the box corresponding to "additional insured" is checked off, indicating that the AEIC Policy treats "additional insured" as a type of additional interest. Accordingly, the record establishes that Ingber is an additional insured under the Policy.

Our conclusion is bolstered by evidence suggesting that 21st Century in fact paid a premium for additional insured coverage, a fact that AEIC does not meaningfully dispute and that is not contradicted by any other information in the record. We therefore depart from the district court's conclusion that the Declarations—and therefore the AEIC Policy—do not identify any additional insured. That additional insured is Ingber.

We agree with the district court, however, that there is insufficient evidence to create a genuine issue of fact about whether the parties to the AEIC Policy—21st Century and AEIC— clearly intended to cover *57th Avenue* (as opposed to Ingber) as an additional insured, as required

6

to benefit from the doctrine of scrivener's error. *Cf., e.g., 313-315 W. 125th St. L.L.C. v. Arch Specialty Ins. Co.*, 30 N.Y.S.3d 74, 76 (1st Dep't 2016) ("On the record before us, plaintiffs *clearly and convincingly* established that K&K intended to indemnify the true owner, 313 West, and that, as a result of mutual mistake, the agreement misidentified Solil, the managing agent, rather than 313 West itself, as the 'Owner' of the property where the work was to be performed.") (emphasis added). Nothing within the "four corners" of the Policy suggests that Ingber is incorrectly named as an additional insured, *Island Trees*, 248 N.Y.S.3d at 288, and, as the district court correctly noted, there is likewise "no evidence" that the Policy "as written" contradicts the intent of AEIC or 21st Century, Special App'x at 19 n.10. And, having failed to allege fraud, any argument that Peleus is entitled to reformation of the Policy fails for the same reason—namely, lack of evidence of mutual mistake. *See Loomis v. ACE Am. Ins. Co.*, 91 F.4th 565, 573 (2d Cir. 2024) ("In New York, insurance policies are reformed only when there is evidence of fraud or mutual mistake.").

*     *     *

We have considered Peleus's remaining arguments and find them unpersuasive. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk